UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

PAUL DENTON, pro se.,                  §
                                       §
            Plaintiff,                 §     Case No. _____
                                       §
v.                                     §     **CIVIL RIGHTS COMPLAINT**
                                       §
UNITED STATES OF AMERICA,              §     Jury Trial Demanded:
U.S. MARSHAL'S SERVICE,                §     Fed.R.Civ.P. 38(b)
FEDERAL BUREAU OF PRISONS,             §
et al.,                                §     Trial By Court On Tort Claims:
                                       §     Fed.R.Civ.P. 39(b)
            Defendants.                §
                                       §     Special Damages Award:
                                             Fed.R.Civ.P. 9(g)

This is a Civil Rights Complaint that each of the Defendant's did unlawful conduct that constituted a willful, wanton, and reckless disregrad of well established rights guaranteed under the First, Fifth and Eight Amendments of the United States Constitution. Plaintiff is presently confined at the Federal Correctional Institution, FCI Memphis. Furthermore, Plaintiff is filing this action before this Honorable Court pro se.

This action is being placed / filed with this Honorable Court pursuant to Fed.R.Civ.P. 38(b), Fed.R.Civ.P. 39(b), Fed.R.Civ.P. 9(g), 28 U.S.C. §§ 1331 and 1346(b), 28 U.S.C. §§ 2671-2680, 28 U.S.C. § 1391(a)(1) and (2), and 28 U.S.C. § 1402(b).

(1)

### JURISDICTION

Jurisdiction of the Court over this civil action is invoked under 28 U.S.C. §§ 1331, 1346(b). This Honorable Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. Further jurisdiction is inherent under 28 U.S.C. §§ 2671-2680 of the Federal Tort Claims Act. In this action certain Defendants have willfully, maliciously and unlawfully deprived Plaintiff of rights protected by the First, Fifth, and the Eight Amendments of the United States Constitution.

Venue is vested pursuant to 28 U.S.C. § 1391(a)(1) and (2). The Plaintiff seeks compensatory and punitive damages because of the wanton disregard and indifference to Plaintiff's rights. Venue as to Tort Claims against the United States is governed by 28 U.S.C. § 1402(b), which provides that any civil action on a Tort Claim against the United States under jurisdictional provision of the Federal Tort Claims Act, may be prosecuted only in the judicial district where the Plaintiff resides or where the act or omission complained of occurred.

The Plaintiff seeks special damages in accordance with Rule 9(g), of the Federal Rule of Civil Procedure; Civil Attorney's Fees Awards Act of 1976 ("CRAFFA"), 42 U.S.C. § 1988; and the Prison Litigation Reform Act § 803(d), 42 U.S.C. § 1997e(d)(1), for attorney fees accumulated. Pursuant to Rule 38(a) and (b), Federal Rule of Civil Procedure, the Plaintiff demands a trial by jury of any issues triable as a matter of right by the Seventh Amendment of the United States Constitution.

(2)

Plaintiff seeks a bench trial under Federal Rule of Civil Procedure 39(b), and 28 U.S.C. § 2402, of any issues raised under the Federal Tort Claims Act, pursuant to 28 U.S.C. §§ 1346(b)(1) and 2674.

---

## STATEMENT OF FACTS

Please find attached and marked as exhibit-A a letter that Plaintiff received from the office of the Regional Counsel, North Central Regional Office, Federal Bureau of Prisons. The letter in question is in fact a receipt for a "Tort Claim" filed by Plaintiff concerning this matter. Please note the date on the letter is November 09, 2006, and the due date for a response was April 24, 2006, the tort claim number for this action was TRT-NCR-2007-00547, and the amount that Plaintiff requested in damages was $5,000,000.00 U.S. dollars. Also please note that the tort claim was filed properly and timely filed by Plaintiff.

Please see exhibit-B  a copy of the denial letter from the very same regional office of the (BOP), and that letter is dated April 26, 2007. In that letter Plaintiff was told that Plaintiff could file a suit in the United States District Court no later than six month after the mailing date of the notification, and in keeping with that notification Plaintiff is filing this action before this Honorable Court.

On or about  October 01, 2003 Plaintiff was a passenger aboard the United States Marshal's "air-lift" flight from the Federal Bureau of Prisons Transfer Center in Oklahoma, en route to the United States Penitentiary, Terre Haute, Indiana. On the very  same day, the airplane

(3)

developed mechanical problems and was diverted to Chicago's O'Hara International Airport where shortly after landing the landing gear failed and the front of the airplane collapsed to the ground.

After the crash landing the United States Marshal's that were on the plane applied the emergency chute and began to push the inmates down the chute. Plaintiff was one of the inmates that was pushed down the chute, with leg irons and belly chain and handcuffs on. There was no United States Marshal or anyone else at the bottom of the chute to catch Plaintiff or any of the other inmates.

After being shoved down the chute, Plaintiff injured his back and spine Plaintiff told the Marshals' that Plaintiff had in fact injured himself, notwithstanding, Plaintiff's request for medical care, the United States Marshal's refused to give Plaintiff any medical treatment. Plaintiff was placed on a Bureau of Prison's bus and taken to the Metropoliton Correctional Center, in Chicago, Illinois, (MCC) Chicago.

When Plaintiff arrived at the (MCC), Plaintiff once again requested emergency medical attention for his injured spine and back, the staff at the (MCC) refused to comply with Plaintiff's request. Plaintiff then made a number of requests for medical treatment, at that point and time Plaintiff was given medication by the medical staff at the (MCC). At the point and time Plaintiff was given the **"wrong"** medication for Plaintiff's seizures. Plaintiff was given "nito" instead of "Dilanta" which immediately caused Plaintiff to go into convulsions, chest pain, shortness of breath, dizziness, muscle stiffness, and Plaintiff then

(4)

passed out, necessitating immediate emegency medical treatment.

Plaintiff was taken for the (MCC) Chicago, to the emegency room of one of the local hospitals in Chicago for treatment. The injuries that Plaintiff suffured on the day in question and still suffer from to this very day were caused by negligents and omissions and wrongful acts on the part of the United States Marchal's Service, the Federal Bureau of Prisons and the United State os America, via it's agents, servants and employees, acting under the color of federal law and within the scope of their emplyment. Who are charged with among other things, the safety of transporting inmates from one designation to another and that the airplane is mechanical safe.

The United States Marshal's Service and the Federal Bureau of Prisons both negligently and carelessly failed to exercise their best judgment and prioritize their responsibilities in handling the prison airplane in light of the circumstances presented at the time. The Defendant's also were neglient and careless in failing to treat Plaintiff for the injuries Plaintiff substaned in the crash of the airplane and the fact that the United States Marshal's Service refused to provide any medical attention for Plaintiff.

The Federal Bureau of Prison's also failed to provide Plaintiff with any medical attention for the the injuries of Plaintiff from the crash of the airplane. Furthermore, the medical staff at the (MCC) Chicago, gave Plaintiff the wrond medication almost costing Plaintiff his very life. The Bureau of Prison staff have a legal responibility to provide inmates in the care and custody with medical care, the

(5)

Federal Bureau of Prisons failed to do so and after Plaintiff made so many requests for medical attention, Plaintiff was in fact given the wrong medication. Plaintiff, to this date is not sure if this was done in retaliation against Plaintiff for requesting medical attention.

Please see, 18 USCA § 4042,n5 "Prison officials, including prison physicians, not only have authority but are charged under 18 USCA §§ 4001(b)(2) and 4042, with responsibility to provide proper care, treatment and **protection** of federal prison inmates and have affirmative constitutional duty to provide necessary medical treatment regardless of consent". Both government agaencices have failed to comply with federal statutes that are outlined for the United States Marshal's Service and the Federal Bureau of Prisons, concerning the care and custody of inmates in their charge. this is the bases for which a claim can be granted on and relief be given.

As a direct result of the crash Plaintiff did suffer physical and emotional injuries, (i.e.) emotional distress, shock, fright and terror. Not ot mention the great pain to Plaintiff's body and mind, and almost losing Plaintiff's very life on the very same day by the Bureau of Prison's medical staff, giving Plaintiff the wrond medication at the (MCC) Chicago. In the Tort Claim filed by Plaintiff, damages were requested in the amount of $5,000,000.00 U.S. Dollars, Five Millon Dollars U.S. Dollars. Plaintiff is still requesting the very same amount for the damages that Plaintiff has been subject to as a direct result of the neglient and carelessness of these government aganecies. There was a wifull disregard for Plaintiff's medical care and well being.

(6)

SUMMARY

Prior to Plaintiff filing this action in the United States District
court, Plaintiff has exhsted requirements under the Federal Tort
Claims Act as to United States of America as Defendant. Pursuant to
the Federal Tort Claims Act ("FTCA"), under 28 U.S.C. § 2674, which
provides that the United States of America can be sued for most commoon
law torts committed by its employees. The Plaintiff has a clear right
to bring this action, as more fully disclosed herein, and respectfully
submits that he has presented the appropriate Administrative Tort Claim
in compliance with the statutory administrative exhaustion requiremens,
as prerequisite to jurisdiction under 28 U.S.C. § 1346(b)(1), and
28 U.S.C. § 2675(a). Please see exhibit's (A&B).

Plaintiff's cause of actions are that the United States of America, the
United States Marshal's Service, and the Federal Bureau of Prisons, are
being held in liability cognizable under the jurisdictional provisions
of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, which
arose from the intentional gross negligence, unlawful and malicious
disregard for Plaintiff's health and wellbeing and derelict of duty,
resulting from negligence and wrongful acts and omissions by federal
employees while acting within the scpoe of their employment or office,
that conferred exclusive jurisdiction for such actions upon this court.
Pursuant to 28 U.S.C. §§ 1346(b), 1402(b), 2401, 2402, 2412, 2671 to
2680.

Plaintiff is requesting that plaintiff be awarded a judgment against
the Defendants and that the Plaintiff be granted such other, general,

(7)

and equitable relief to which Plaintiff is entitled.

---

## PLEA FOR LIBERAL CONSIDERATION

Plaintiff Paul Denton, pro se., respectfully moves this Honorable Court to grant all liberal considerations with respect to this action, pursuant to Haines v. Kerner, 404 U.S. 519, 30 L.Ed. 2d. 652, 92 S.Ct. (1972). As Plaintiff is **not** an attorney, has not attended any law school, and has no professional training with respect to filing of any legal pleadings.

---

## CONCLUSION

Plaintiff Paul Denton, pro se., respectfully request and prays that this Honorable Court will grant this action and any other relief the Court may deem just and appropriate. This complaint is brought in good faith.

---

Respectfully submitted,

*Paul Denton*

Paul S. Denton, pro se.
#2948-044
Federal Correctional Institution
FCI Memphis
P.O. Box 34550
Memphis, TN. 38184-0550

Dated: October 07, 2007

(8)



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of Regional Counsel*

400 State Avenue
Tower II, Suite 800
Kansas City, KS  66101

APR 2 6 2007

Paul Denton
Register No. 29485-044
Federal Correctional Institution
1101 John A. Denie Road
Memphis, Tennessee 38134-7690

Re:   Administrative Claim Number TRT-NCR-2007-00547
      Personal Injury:  $5,000,000.00

### CERTIFIED NUMBER 7005 1820 0002 3373 4250

Dear Mr. Denton:

The above referenced tort claim has been considered for administrative review pursuant to 28 C.F.R. § 0.172,  <u>Authority: Federal Tort Claims</u> and 28 C.F.R. Part 14, <u>Administrative Claims Under Federal Tort Claims Act</u>.  Investigation of your claim did not reveal you suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment.

As a result of this investigation, your claim is denied.  This memorandum serves as a notification of final denial under 28 C.F.R. § 14.9, <u>Final Denial of Claim</u>.  If you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than six months after the date of mailing of this notification.

Sincerely,

Richard W. Schott
Regional Counsel

Exhibit-B



**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of the Regional Counsel*

*400 State Avenue*
*Tower II, Suite 800*
*Kansas City, KS 66101*

November 9, 2006

Paul Denton, 29485-044
USP Terre Haute
PO Box 12015
Terre Haute IN 47801

      Re: Administrative Claim for Damages
      Claim #:     TRT-NCR-2007-00547    $     5,000,000.00

Dear Claimant:

This is to notify you of our receipt of your administrative claim for damages under provisions of the Federal Tort Claims Act, Title 28 USC §1346(b), 2671 et. seq., alleging liability of the United States Government.

Your properly completed claim was received on October 26, 2006. The above referenced Act provides that the agency has 6 months to make an administrative determination on your claim from the date such proper claim was received by the appropriate agency. Accordingly, in the matter of the above referenced claim, the government's response is not due until April 24, 2007.

Regulations that may be pertinent to your claim may be found at Title 28 C.F.R. Part 14 et.seq., and §543.30.

                    Sincerely,

                    Richard W. Schott
                    Regional Counsel

`Exhibit-A`

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

PAUL DENTON, pro se.,

       Plaintiff,

v.

UNITED STATES OF AMERICA,
U.S. MARSHAL'S SERVICE,
FEDERAL BUREAU OF PRISONS,
et al.,

       Defendants.

Case No. _____

**CIVIL RIGHTS COMPLAINT**

Jury Trial Demanded:
Fed.R.Civ.P. 38(b)

Trial By Court On Tort Claims:
Fed.R.Civ.P. 39(b)

Special Damages Award:
Fed.R.Civ.P. 9(g)

---

This is a Civil Rights Complaint that each of the Defendant's did unlawful conduct that constituted a willful, wanton, and reckless disregrad of well established rights guaranteed under the First, Fifth and Eight Amendments of the United States Constitution. Plaintiff is presently confined at the Federal Correctional Institution, FCI Memphis. Furthermore, Plaintiff is filing this action before this Honorable Court pro se.

This action is being placed / filed with this Honorable Court pursuant to Fed.R.Civ.P. 38(b), Fed.R.Civ.P. 39(b), Fed.R.Civ.P. 9(g), 28 U.S.C. §§ 1331 and 1346(b), 28 U.S.C. §§ 2671-2680, 28 U.S.C. § 1391(a)(1) and (2), and 28 U.S.C. § 1402(b).

(1)

## JURISDICTION

Jurisdiction of the Court over this civil action is invoked under 28 U.S.C. §§ 1331, 1346(b). This Honorable Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  Further jurisdiction is inherent under  28 U.S.C. §§ 2671-2680 of the Federal Tort Claims Act. In this action certain Defendants have willfully, maliciously and unlawfully deprived Plaintiff of rights protected by the First, Fifth, and the Eight Amendments of the United States Constitution.

Venue is vested pursuant to 28 U.S.C. § 1391(a)(1) and (2). The Plaintiff seeks compensatory and punitive damages because of the wanton disregard and indifference to Plaintiff's rights. Venue as to Tort Claims against the United States is governed by 28 U.S.C. § 1402(b), which provides that any civil action on a Tort Claim against the United States under jurisdictional provision of the Federal Tort Claims Act, may be prosecuted only in the judicial district where the Plaintiff resides or where the act or omission complained of occurred.

The Plaintiff seeks special damages in accordance with Rule 9(g), of the Federal Rule of Civil Procedure; Civil Attorney's Fees Awards Act of 1976 ("CRAFFA"), 42 U.S.C. § 1988; and the Prison Litigation Reform Act § 803(d), 42 U.S.C. § 1997e(d)(1), for attorney fees accumulated. Pursuant to Rule 38(a) and (b), Federal Rule of Civil Procedure, the Plaintiff demands a trial by jury of any issues triable as a matter of right by the Seventh Amendment of the United States Constitution.

(2)

Plaintiff seeks a bench trial under Federal Rule of Civil Procedure 39(b), and 28 U.S.C. § 2402, of any issues raised under the Federal Tort Claims Act, pursuant to 28 U.S.C. §§ 1346(b)(1) and 2674.

---

## STATEMENT OF FACTS

Please find attached and marked as <u>exhibit-A</u> a letter that Plaintiff received from the office of the Regional Counsel, North Central Regional Office, Federal Bureau of Prisons. The letter in question is in fact a receipt for a "Tort Claim" filed by Plaintiff concerning this matter. Please note the date on the letter is November 09, 2006, and the due date for a response was April 24, 2006, the tort claim number for this action was TRT-NCR-2007-00547, and the amount that Plaintiff requested in damages was $5,000,000.00 U.S. dollars. Also please note that the tort claim was filed properly and timely filed by Plaintiff.

Please see <u>exhibit-B</u> a copy of the denial letter from the very same regional office of the (BOP), and that letter is dated April 26, 2007. In that letter Plaintiff was told that Plaintiff could file a suit in the United States District Court no later than six month after the mailing date of the notification, and in keeping with that notification Plaintiff is filing this action before this Honorable Court.

On or about **October 01, 2003** Plaintiff was a passenger aboard the United States Marshal's "air-lift" flight from the Federal Bureau of Prisons Transfer Center in Oklahoma, en route to the United States Penitentiary, Terre Haute, Indiana. On the very same day, the airplane

developed mechanical problems and was diverted to Chicago's O'Hara
International Airport where shortly after landing the landing gear
failed and the front of the airplane collapsed to the ground.

After the crash landing the United States Marshal's that were on the
plane applied the emergency chute and began to push the inmates down
the chute. Plaintiff was one of the inmates that was pushed down the
chute, with leg irons and belly chain and handcuffs on. There was no
United States Marshal or anyone else at the bottom of the chute to
catch Plaintiff or any of the other inmates.

After being shoved down the chute, Plaintiff injured his back and spine
Plaintiff told the Marshals' that Plaintiff had in fact injured himself,
notwithstanding, Plaintiff's request for medical care, the United States
Marshal's refused to give Plaintiff any medical treatment. Plaintiff
was placed on a Bureau of Prison's bus and taken to the Metropoliton
Correctional Center, in Chicago, Illinois, (MCC) Chicago.

When Plaintiff arrived at the (MCC), Plaintiff once again requested
emergency medical attention for his injured spine and back, the staff
at the (MCC) refused to comply with Plaintiff's request. Plaintiff then
made a number of requests for medical treatment, at that point and time
Plaintiff was given medication by the medical staff at the (MCC). At
the point and time Plaintiff was given the **wrong** medication for
Plaintiff's seizures. Plaintiff was given "nito" instead of "Dilanta"
which immediately caused Plaintiff to go into convulsions, chest pain,
shortness of breath, dizziness, muscle stiffness, and Plaintiff then

(4)

passed out, necessitating immediate emegency medical treatment.

Plaintiff was taken for the (MCC) Chicago, to the emegency room of one of the local hospitals in Chicago for treatment. The injuries that Plaintiff suffured on the day in question and still suffer from to this very day were caused by negligents and omissions and wrongful acts on the part of the United States Marchal's Service, the Federal Bureau of Prisons and the United State os America, via it's agents, servants and employees, acting under the color of federal law and within the scope of their emplyment. Who are charged with among other things, the safety of transporting inmates from one designation to another and that the airplane is mechanical safe.

The United States Marshal's Service and the Federal Bureau of Prisons both negligently and carelessly failed to exercise their best judgment and prioritize their responsibilities in handling the prison airplane in light of the circumstances presented at the time. The Defendant's also were neglient and careless in failing to treat Plaintiff for the injuries Plaintiff substaned in the crash of the airplane and the fact that the United States Marshal's Service refused to provide any medical attention for Plaintiff.

The Federal Bureau of Prison's also failed to provide Plaintiff with any medical attention for the the injuries of Plaintiff from the crash of the airplane. Furthermore, the medical staff at the (MCC) Chicago, gave Plaintiff the wrond medication almost costing Plaintiff his very life. The Bureau of Prison staff have a legal responibility to provide inmates in the care and custody with medical care, the

(5)

Federal Bureau of Prisons failed to do so and after Plaintiff made so
many requests for medical attention, Plaintiff was in fact given the
wrong medication. Plaintiff, to this date is not sure if this was done
in retaliation against Plaintiff for requesting medical attention.

Please see, 18 USCA § 4042,n5 "Prison officials, including prison
physicians, not only have authority but are charged under 18 USCA
§§ 4001(b)(2) and 4042, with responsibility to provide proper care,
treatment and **protection** of federal prison inmates and have affirmative
constitutional duty to provide necessary medical treatment regardless
of consent". Both government agaencices have failed to comply with
federal statutes that are outlined for the United States Marshal's
Service and the Federal Bureau of Prisons, concerning the care and
custody of inmates in their charge. this is the bases for which a claim
can be granted on and relief be given.

As a direct result of the crash Plaintiff did suffer physical and
emotional injuries, (i.e.) emotional distress, shock, fright and
terror. Not ot mention the great pain to Plaintiff's body and mind,
and almost losing Plaintiff's very life on the very same day by the
Bureau of Prison's medical staff, giving Plaintiff the wrond medica-
tion at the (MCC) Chicago. In the Tort Claim filed by Plaintiff, damages
were requested in the amount of $5,000,000.00 U.S. Dollars, Five Millon
Dollars U.S. Dollars. Plaintiff is still requesting the very same amount
for the damages that Plaintiff has been subject to as a direct result
of the neglient and carelessness of these government aganecies. There
was a wifull disregard for Plaintiff's medical care and well being.

(6)

SUMMARY

Prior to Plaintiff filing this action in the United States District
court, Plaintiff has exhsted requirements under the Federal Tort
Claims Act as to United States of America as Defendant. Pursuant to
the Federal Tort Claims Act ("FTCA"), under 28 U.S.C. § 2674, which
provides that the United States of America can be sued for most commoon
law torts committed by its employees. The Plaintiff has a clear right
to bring this action, as more fully disclosed herein, and respectfully
submits that he has presented the appropriate Administrative Tort Claim
in compliance with the statutory administrative exhaustion requiremens,
as prerequisite to jurisdiction under 28 U.S.C. § 1346(b)(1), and
28 U.S.C. § 2675(a). Please see exhibit's (A&B).

Plaintiff's cause of actions are that the United States of America, the
United States Marshal's Service, and the Federal Bureau of Prisons, are
being held in liability cognizable under the jurisdictional provisions
of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, which
arose from the intentional gross negligence, unlawful and malicious
disregard for Plaintiff's health and wellbeing and derelict of duty,
resulting from negligence and wrongful acts and omissions by federal
employees while acting within the scpoe of their employment or office,
that conferred exclusive jurisdiction for such actions upon this court.
Pursuant to 28 U.S.C. §§ 1346(b), 1402(b), 2401, 2402, 2412, 2671 to
2680.

Plaintiff is requesting that plaintiff be awarded a judgment against
the Defendants and that the Plaintiff be granted such other, general,

and equitable relief to which Plaintiff is entitled.

---

## PLEA FOR LIBERAL CONSIDERATION

Plaintiff Paul Denton, pro se., respectfully moves this Honorable Court
to grant all liberal considerations with respect to this action, pursuant
to Haines v. Kerner, 404 U.S. 519, 30 L.Ed. 2d. 652, 92 S.Ct. (1972).
As Plaintiff is **not** an attorney, has not attended any law school, and
has no professional training with respect to filing of any legal plead-
ings.

---

## CONCLUSION

Plaintiff Paul Denton, pro se., respectfully request and prays that this
Honorable Court will grant this action and any other relief the Court
may deem just and appropriate. This complaint is brought in good faith.

---

Respectfully submitted,

*Paul Denton*

Dated: October 07, 2007

Paul S. Denton, pro se.
#2948-044
Federal Correctional Institution
FCI Memphis
P.O. Box 34550
Memphis, TN. 38184-0550

(8)



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of Regional Counsel*                    400 State Avenue
                                                Tower II, Suite 800
                                                Kansas City, KS 66101

APR 2 6 2007

Paul Denton
Register No. 29485-044
Federal Correctional Institution
1101 John A. Denie Road
Memphis, Tennessee 38134-7690

Re:   Administrative Claim Number TRT-NCR-2007-00547
      Personal Injury: $5,000,000.00

**CERTIFIED NUMBER 7005 1820 0002 3373 4250**

Dear Mr. Denton:

     The above referenced tort claim has been considered for administrative review
pursuant to 28 C.F.R. § 0.172,  <u>Authority: Federal Tort Claims</u> and 28 C.F.R. Part 14,
<u>Administrative Claims Under Federal Tort Claims Act</u>.  Investigation of your claim did
not reveal you suffered any personal injury as a result of the negligent acts or omissions
of Bureau of Prisons employees acting within the scope of their employment.

     As a result of this investigation, your claim is denied.  This memorandum serves
as a notification of final denial under 28 C.F.R. § 14.9, <u>Final Denial of Claim</u>.  If you are
dissatisfied with our agency's action, you may file suit in an appropriate U.S. District
Court no later than six months after the date of mailing of this notification.

                          Sincerely,

                          Richard W. Schott
                          Regional Counsel

                                                Exhibit-B



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of the Regional Counsel*                    *400 State Avenue*
                                                    *Tower II, Suite 800*
                                                    *Kansas City, KS 66101*


                                                    November 9, 2006


Paul Denton, 29485-044
USP Terre Haute
PO Box 12015
Terre Haute IN 47801

          Re: Administrative Claim for Damages
          Claim #:    TRT-NCR-2007-00547    $    5,000,000.00

Dear Claimant:

This is to notify you of our receipt of your administrative claim for damages under provisions of the Federal Tort Claims Act, Title 28 USC §1346(b), 2671 et. seq., alleging liability of the United States Government.

Your properly completed claim was received on <u>October 26, 2006</u>.  The above referenced Act provides that the agency has 6 months to make an administrative determination on your claim from the date such proper claim was received by the appropriate agency.  Accordingly, in the matter of the above referenced claim, the government's response is not due until <u>April 24, 2007</u>.

Regulations that may be pertinent to your claim may be found at Title 28 C.F.R. Part 14 et.seq., and §543.30.

                              Sincerely,

                              Richard W. Schott
                              Regional Counsel


                                                    **Exhibit-A**

PAUL DENTON
V.
USA, et al

PAUL DENTON
V.
USA, et al

BERNICE B. DONALD

**S. THOMAS ANDERSON**