```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

PAUL DENTON,

    Plaintiff,

vs.                                  No. 07-2670-D/An

UNITED STATES OF AMERICA,
et al.,

    Defendants.

ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS
SECOND ORDER TO COMPLY WITH THE PLRA
ORDER ASSESSING $350 CIVIL FILING FEE
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

On October 17, 2007, Plaintiff Paul Denton, Bureau of Prisons ("BOP") inmate registration number 29485-044, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"),[1] filed a pro se complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., along with a motion seeking leave to proceed in forma pauperis. (Docket Entries ("D.E.") 1 & 2.) The Court issued an order on December 10, 2007 directing Plaintiff, within thirty (30) days, to comply with the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), or remit the $350 civil filing fee. (D.E. 3.) Plaintiff filed the required documents

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

on January 7, 2008. (D.E. 6.)[2] The Clerk shall record the defendants as the United States of America, the U.S. Marshal's Service, and the BOP.

I.   Assessment of Filing Fee

Under the PLRA, 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has properly completed and submitted an in forma pauperis affidavit and a copy of his inmate trust fund account statement. Although the documents are not certified by the trust fund account officer, the information supplied by Plaintiff is sufficient to permit assessment of the filing fee. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that, within thirty (30) days of the entry of this order, Plaintiff file a certified copy of his trust fund account statement for the six months prior to the commencement of this action.[3] It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent

---

[2]   On December 10, 2007, the Clerk docketed another copy of Plaintiff's original motion for leave to proceed in forma pauperis. (D.E. 4.) This document, which was received on December 10, 2007, was not submitted in response to the order issued on that date. Plaintiff filed a third copy of that motion on January 7, 2008. (D.E. 5.) As prisoners are not able to proceed in forma pauperis, these motions are DENIED.

[3]   If Plaintiff is unable to obtain the appropriate certification from prison officials, Plaintiff shall submit a statement setting forth the steps he took to obtain the statement.

(20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of
Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of FCI-Memphis to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

II. Issuance of Process

It is ORDERED that the Clerk shall issue process for Defendants and deliver said process to the marshal for service. Service shall be made on Defendants pursuant to Fed. R. Civ. P. 4(i)(1) & (2)(A). All costs of service shall be advanced by the United States.

It is further ORDERED that the Plaintiff shall serve a copy of every document filed in this cause on the attorneys for Defendants or on Defendants if they have no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.

Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 22nd day of January, 2008.

<u>/s Bernice B. Donald</u>
BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE