UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

RECEIVED
08 APR 16 AM 11:40
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT

PAUL DENTON, pro se., §
§
Plaintiff, §
§ Case No: 07-2678-B/An
v. §
§
UNITED STATES OF AMERICA, §
U.S. MARSHAL'S SERVICE, §
FEDERAL BUREAU OF PRISONS, §
et al., §
§
Defendants. §
§

PLAINTIFF'S REPLY TO GOVERNMENT'S MOTION TO DISMISS OR,
ALTERNATIVELY, TRANSFER TO PROPER VENUE, COMBINED WITH
SUPPORTING MEMORANDUM

Comes now Plaintiff Paul Denton, pro se., presently confined at the Federal Correctional Institutional Institution in Memphis, Tennessee, FCI Memphis. Plaintiff is now filing Plaintiff's reply to the motion filed by the government concerning the "Civil Rights Complaint" filed by Plaintiff on or about October 07, 2007, by placing same in the hand of a Federal Bureau of Prisons staff member who is assigned to the institutional mail room.

In the government's motion it states that the incident in question took place on October 01, 2003 at O'Hare International Airport and the MCC Chicago, in Chicago Illinois. The government is requesting that this action be dismissed pursuant to Fed.R.Civ.P.12(b)(3) and(6). The motion further states that Plaintiff's Civil Action is "barred" by the statute of limitations and that Plaintiff, has filed in the wrong venue. Then the motion states that this matter should be transferred to the United States District Court for the Northern District of Illinois. Plaintiff

will now reply to the government's concerns.

---

## ARGUMENT

In the government's response it states that the Plaintiff's Civil Action should be dismissed as "<u>time barred</u>", because the incident in question took place on October 01, 2003, and the "Tort Claim" was not filed until October 26, 2006. Plaintiff submitted a copy of the letter from the Bureau of Prisons Regional Office, North Central Regional Office. The letter was in fact the receipt for the Tort Claim. The letter stated that Plaintiff filed a "<u>properly completed</u>" claim. The letter in question was marked as <u>exhibit-A</u>. Plaintiff is resubmitting exhibit-A again.

With the Tort Claim that was filed with the Bureau of Prisons Regional Office, Plaintiff also requested "<u>equitable tolling</u>", because Plaintiff had been place under a (24) hour lock down by Bureau of Prisons staff, which impeded Plaintiff filing the Tort Claim of time and this information was sent to the Regional Office of the Bureau of Prisons, with the dates and times.

The Regional Office did verify that Plaintiff was in (SHU) and did not have any of Plaintiff's legal papers or any help from anyone to help Plaintiff filed the Civil Action that is now before this Honorable. The Federal Bureau of Prisons Regional Office was very much aware of the fact that Plaintiff had a two year time frame in which to file the Tort Claim in question. Not in the original receipt, nor in the the letter from the Regional Office that denied the claim, is there a word concerning

(2)

the time frame in which Plaintiff filed the Tort Claim and the reason for that is because that issue had already been addressed. Plaintiff will also resubmit exhibit-B, the letter from the Regional Office that informed Plaintiff that the Tort Claim had been denied. Please note that the date on that letter is April 26, 2007 and Plaintiff did not receive that letter until five days later. Notwithstanding that Plaintiff did file this Civil Action timely and the government conceded this fact in their motion. Consequently, Plaintiff is "**not**" time barred by not filing the Tort Claim within the two year time frame pursuant to FTCA 28 U.S.C. § 2679(d)(2), because the Regional Office "**waived**" the two year time frame, because Plaintiff was in (SHU) and could not have filed the claim on time. This Honorable Court should allow this matter to go forward.

Secondly, the government states that this is the wrong venue for this action to be brought. The government's motion states "FTCA suits are to be brought in the judicial district in which the plaintiff resides, or wherein the act or omission complained of occurred. 28 U.S.C. § 1402(b)." The government's motion also states that "this is not the district where Plaintiff resides, "although the Sixth Circuit has "**not**" addressed this venue issue, the great weight of authority holds that an inmate is not a resident of the district where he happens to be involuntarily incarcerated." Pursuant to the "Federal Civil Judicial Procedure & Rules" 2007 Revised Edition, § 1332 "Diversity of citizenship; amount in controversy; costs". (a) "The district courts **shall** have original jurisdiction of **all** civil actions where the matter in controversy exceeds the sum or value of $75,000,00, exclusive of interest and costs, and is between---

(3)

(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizen of a State or of different States."

This action was filed with this Honorable Court pursuant to Fed.R.Civ.P. 38(b), Fed.R.Civ.P.39(b), Fed.R.Civ.P.((g), 28 U.S.C. §§ 1331 & 1346(b), 28 U.S.C. §§ 2671-2680, 28 U.S.C. § 1391(a)(1) & 28 U.S.C. § 1402(b), and a number of other statutes as well. This Honorable Court does in fact have jurisdiction over this matter and Plaintiff is requesting that this Honorable Court allow this matter to go forward. The true bases' of the government's motion is that the government would simply rather not be bothered with another Bureau of Prisons mess and if they can get rid of it, then that would be just fine.

---

## SUMMARY

Clearly, both issues raised by the government are without merit, Plaintiff would like to see this matter go to a jury trial. Not wanting to be bothered with a civil matter is not reason to seek to have that matter dismissed or sent to another jurisdiction. The Tort Claim was filed on time and this Honorable Court does have jurisdiction over this matter, Plaintiff is requesting that this civil action be allowed to move forward so that the truth concerning this matter will come out in court, so that some type of equitable relief can be granted.

## PLEA FOR LIBERAL CONSIDERATION

Plaintiff Paul Denton, pro se., respectfully moves this Honorable Court to grant all liberal considerations with respect to this action, pursuant to Haines v. Kerner, 404 U.S. 519, 30 L.Ed. 2d. 652, 92 S.Ct. (1972). As Plaintiff is **not** an attorney, has not attended any law school, and has no professional training with respect to filing any legal pleadings.

## CONCLUSION

Plaintiff Paul Denton, pro se., respectfully request and prays that this Honorable Court will grant this motion and allow this matter to move forward. This reply motion is brought before this Honorable Court in good faith.

Respectfully submitted,

*[signature: Paul S. Denton]*                    Dated: April 11, 2008

Paul S. Denton, pro se.
#29485-044
Federal Correctional Institution
FCI Memphis
P.O. Box 34550
Memphis, TN. 38184-0550

## PROOF OF SERVICE

I, Paul S. Denton, pro se., #29485-044, has mailed a copy of the foregoing to the person listed below. Postage pre-paid first class mail, which was given to Federal Bureau of Prisons staff on the 14th. day of April, 2008 at the Federal Correctional Institution, in Memphis Tn., FCI Memphis.

Mr. William W. Siler
A.U.S.A.
U.S. Attorney's Office
167 North Main Street
Suite 800
Memphis, Tennessee 38103


*Paul S. Denton* (signature)
Paul S. Denton, pro se.



# U.S. Department of Justice
## Federal Bureau of Prisons

*North Central Regional Office*

---

**Office of the Regional Counsel**

400 State Avenue
Tower II, Suite 800
Kansas City, KS 66101

November 9, 2006

Paul Denton, 29485-044
USP Terre Haute
PO Box 12015
Terre Haute IN 47801

Re: Administrative Claim for Damages
Claim #:     TRT-NCR-2007-00547    $    5,000,000.00

Dear Claimant:

This is to notify you of our receipt of your administrative claim for damages under provisions of the Federal Tort Claims Act, Title 28 USC §1346(b), 2671 et. seq., alleging liability of the United States Government.

Your properly completed claim was received on <u>October 26, 2006</u>. The above referenced Act provides that the agency has 6 months to make an administrative determination on your claim from the date such proper claim was received by the appropriate agency. Accordingly, in the matter of the above referenced claim, the government's response is not due until <u>April 24, 2007</u>.

Regulations that may be pertinent to your claim may be found at Title 28 C.F.R. Part 14 et.seq., and §543.30.

                                      Sincerely,

                                      Richard W. Schott
                                      Regional Counsel

Exhibit-A



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

*Office of Regional Counsel*

400 State Avenue
Tower II, Suite 800
Kansas City, KS 66101

APR 26 2007

Paul Denton
Register No. 29435-044
Federal Correctional Institution
1101 John A. Denie Road
Memphis, Tennessee 38134-7690

Re:   Administrative Claim Number TRT-NCR-2007-00547
      Personal Injury:  $5,000,000.00

**CERTIFIED NUMBER 7005 1820 0002 3373 4250**

Dear Mr. Denton:

The above referenced tort claim has been considered for administrative review pursuant to 28 C.F.R. § 0.172, <u>Authority: Federal Tort Claims</u> and 28 C.F.R. Part 14, <u>Administrative Claims Under Federal Tort Claims Act</u>. Investigation of your claim did not reveal you suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment.

As a result of this investigation, your claim is denied. This memorandum serves as a notification of final denial under 28 C.F.R. § 14.9, <u>Final Denial of Claim</u>. If you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than six months after the date of mailing of this notification.

Sincerely,

*[signature]*
/s/ Richard W. Schott
Regional Counsel

Exhibit-B

