UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

Paul Denton,
Plaintiff,

v.                                                          Civil No.: 07-2670-D/An

United States,
Defendant.

AMENDED MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS

This is an action under the Federal Tort Claims Act (FTCA) for injuries the Plaintiff allegedly sustained on October 1, 2003 at O'Hare International Airport and the Metropolitan Correctional Center (MCC) in Chicago, Illinois. The United States moved for dismissal (DE # 19) pursuant to Fed. R. Civ. P. 12(b)(3) and (6). In its motion, the United States argued, among other things, that the suit is barred by the statute of limitations because the Plaintiff did not file an administrative tort claim within two years of the alleged injury. The United States now amends its motion and memorandum to address two issues asserted by the Plaintiff.

**I. The Plaintiff is not entitled to equitable tolling of the limitations period.**

In his response to the dismissal motion, the Plaintiff argues that he could not have filed his administrative claim within the two years allowed because he was "on 24 hour lock-down" in the Segregated Housing Unit (SHU). (Plaintiff's Reply to Motion to Dismiss, DE # 20, pg. 2- 3). In fact, the Plaintiff was in the SHU for *only one or two days* early in the two year time frame. See the Quarters Report attached as an Exhibit. The Quarters report is a

business record kept by the Bureau of Prisons (BOP) and shows where the Plaintiff was housed on any given day. The SHU is designated as "House Z," and the Plaintiff was there from October 6, 2003 until October 7, 2003. When the Plaintiff was released from the SHU on October 7, 2003, he still had most of his two year time frame still available. He missed the administrative claim filing deadline by more than a year, but not because of one or two days in the SHU.

**II.  The Defendant has not waived the limitations defense.**

The Plaintiff also argues that the United States implicitly waived its limitations defense when the BOP denied the administrative tort claim on the merits, rather than denying it as untimely. (See DE # 20, Exh. B, Denial letter from Richard W. Schott, BOP Regional Counsel). The Plaintiff cites no legal authority – and counsel for the Defendant has found no legal authority – for the proposition that a limitations defense is implicitly waived by an agency's consideration of an untimely administrative tort claim. On the contrary, the Supreme Court, well over a century ago, rejected the proposition that agency officials could waive the government's limitations defense. As stated in *Finn v. United States*, 123 U.S. 227, 232-33 (1887):

> An individual may waive such a [limitations] defense, either expressly or by failing to plead the statute; but *the Government has not expressly or by implication conferred authority upon any of its officers to waive the limitation* imposed by statute upon suits against the United States in the Court of Claims. Since the Government is not liable to be sued, as of right, by any claimant, and since it has assented to a judgment being rendered against it only in certain classes of cases, brought within a prescribed period after the cause of action accrued, a judgment in the Court of Claims for the amount of a claim which the record or evidence shows to be barred by the statute, would be erroneous. (emphasis added).

In other words, no one with the BOP had authority to waive the limitations defense, not by "implication" or otherwise.  Even if a BOP official had undertaken to *explicitly waive* the limitations defense, he could not have done so.  *Munro v. United States*, 303 U.S. 36, 41 (1938) (citing *Finn*) ("The District Attorney had no power to waive conditions or limitations imposed by statute in respect of suits against the United States.").  *See also, Lomax v. U.S.*, 155 F.Supp. 354, 358 (E.D. Pa. 1957)(holding that "limitations can be successfully urged as a defense even where there is an apparent waiver of the defense" by a government attorney).

Relying on these Supreme Court cases, the Sixth Circuit has rejected the precise argument made by the Plaintiff.  *Ball v. U.S.*, 101 F.2d 272 (6th Cir. 1939).  *Ball* began as a suit to recover benefits under a policy of war risk insurance.  In response to the government's limitations defense, the *Ball* plaintiff argued that the government had implicitly waived that defense because the Veterans Administration had considered an untimely administrative claim on the merits.  The Sixth Circuit held that the agency's on-the-merits consideration of a time-barred claim did not waive the limitations defense in subsequent litigation.  In a factually similar case, the Third Circuit reached the same conclusion in *Roskos v. U.S.*, 130 F.2d 751 (3rd Cir. 1942): "It is well settled that, while the Veterans Administration has authority to, and does, consider claims upon which the right to sue has been lost by lapse of time, such consideration cannot . . . raise the fallen bar of the [limitations] statute." *Id.* at 753.

It appears that the Fourth Circuit is this only court to have considered this issue in an FTCA case, and that court also rejected the Plaintiff's implied waiver argument.  In *Anderegg v. United States*, 171 F.2d 127, 128 (4th Cir. 1948), the Court of Appeals rejected

3

the "[c]ontention . . . that the limitation of the [FTCA] was waived because [the administrative] claim was filed with and considered by the War Department."

                                    Respectfully submitted,
                                    David Kustoff
                                    United States Attorney

                                    By: s/ William W. Siler (BPR #7194)
                                    Assistant United States Attorney
                                    167 North Main Street, Suite 800
                                    Memphis, Tennessee 38103
                                    Telephone  (901) 544-4231
                                    Facsimile (901) 544-4230
                                    bill.siler@usdoj.gov


## CERTIFICATE OF SERVICE

     I, William W. Siler, Assistant U.S. Attorney, certify that the foregoing has been electronically filed on this date. I further certify that a copy of the foregoing has been mailed to Paul S. Denton, Reg. No. 2948-044, FCI Memphis, P.O. Box 34550, Memphis, TN 38184-0550.

                                    s/ William W. Siler
                                      Assistant U.S. Attorney

                                    Date: May 1, 2008

```
   CCCRJ   531.01  *           INMATE HISTORY              *      04-18-2008
   PAGE 001 OF 001 *              QUARTERS                 *      11:05:07

   REG NO..: 29485-044  NAME....: DENTON, PAUL STACY
   CATEGORY: QTR        FUNCTION: PRT        FORMAT:

FCL   ASSIGNMENT DESCRIPTION                  START DATE/TIME  STOP  DATE/TIME
MEM   M03-312L   HOUSE M/RANGE 03/BED 312L    02-28-2008 1109  CURRENT
MEM   M04-403U   HOUSE M/RANGE 04/BED 403U    02-21-2008 1153  02-28-2008 1109
MEM   S02-207L   HOUSE S/RANGE 02/BED 207L    05-16-2007 1449  02-21-2008 1153
MEM   S01-106L   HOUSE S/RANGE 01/BED 106L    05-15-2007 0928  05-16-2007 1449
MEM   S01-906U   HOUSE S/RANGE 01/BED 906U    04-24-2007 1344  05-15-2007 0928
MEM   M02-202U   HOUSE M/RANGE 02/BED 202U    02-18-2007 1252  04-24-2007 1344
MEM   M02-908U   HOUSE M/RANGE 02/BED 908U    02-07-2007 1443  02-18-2007 1252
MEM   M02-218U   HOUSE M/RANGE 02/BED 218U    02-06-2007 1337  02-07-2007 1443
MEM   Z01-109UAD HOUSE Z/RANGE 01/BED 109U AD 02-03-2007 1539  02-06-2007 1337
MEM   M02-202U   HOUSE M/RANGE 02/BED 202U    12-12-2006 1530  02-03-2007 1539
MEM   M01-903U   HOUSE M/RANGE 01/BED 903U    12-11-2006 1844  12-12-2006 1530
MEM   R01-001L   HOUSE R/RANGE 01/BED 001L    12-11-2006 1659  12-11-2006 1844
OKL   C10-429L   HOUSE C/RANGE 10/BED 429L    12-06-2006 1641  12-11-2006 0925
THP   E02-209L   HOUSE E/RANGE 02/BED 209L    07-20-2005 0842  12-06-2006 0930
THP   E02-214U   HOUSE E/RANGE 02/BED 214U    03-23-2005 1025  07-20-2005 0842
THA   J04-056U   HOUSE J/RANGE 04/BED 056U    11-16-2004 1800  03-23-2005 1010
THA   J03-038U   HOUSE J/RANGE 03/BED 038U    09-01-2004 1405  11-16-2004 1800
THA   R01-001L   HOUSE R/RANGE 01/BED 001L    09-01-2004 1110  09-01-2004 1405
OKL   E04-629L   HOUSE E/RANGE 04/BED 629L    08-16-2004 1505  09-01-2004 0830
OKL   E11-510U   HOUSE E/RANGE 11/BED 510U    11-13-2003 1700  11-17-2003 0900
CCC   C04-012U   HOUSE C/RANGE 04/BED 012U    11-09-2003 1240  11-13-2003 2240
CCC   C01-023L   HOUSE C/RANGE 01/BED 023L    11-09-2003 1237  11-09-2003 1240
CCC   A01-015L   HOUSE A/RANGE 01/BED 015L    11-07-2003 1104  11-09-2003 1237
CCC   A01-015L   HOUSE A/RANGE 01/BED 015L    11-06-2003 2021  11-07-2003 0604
CCC   R01-001L   HOUSE R/RANGE 01/BED 001L    11-06-2003 1042  11-06-2003 2021
OXF   W06-026L   HOUSE W/RANGE 06/BED 026L    11-05-2003 1622  11-06-2003 0610
OXF   R01-001L   HOUSE R/RANGE 01/BED 001L    11-05-2003 1345  11-05-2003 1622
WAS   B03-111LPS HOUSE B/RANGE 03/BED 111L PS 10-07-2003 1425  11-05-2003 0945
WAS   B04-109UPS HOUSE B/RANGE 04/BED 109U PS 10-07-2003 1142  10-07-2003 1425
WAS   R01-001L   HOUSE R/RANGE 01/BED 001L    10-07-2003 1045  10-07-2003 1142
OXF   Z03-003LAD HOUSE Z/RANGE 03/BED 003L AD 10-06-2003 1658  10-07-2003 0550
OXF   R01-001L   HOUSE R/RANGE 01/BED 001L    10-06-2003 1400  10-06-2003 1658
CCC   C02-006U   HOUSE C/RANGE 02/BED 006U    10-02-2003 1450  10-06-2003 1031
CCC   A01-014U   HOUSE A/RANGE 01/BED 014U    10-01-2003 1854  10-02-2003 1450
CCC   R01-001L   HOUSE R/RANGE 01/BED 001L    10-01-2003 1657  10-01-2003 1854
CCC   R01-001L   HOUSE R/RANGE 01/BED 001L    10-01-2003 1655  10-01-2003 1658
OKL   C04-410L   HOUSE C/RANGE 04/BED 410L    09-29-2003 1627  10-01-2003 0800


G0000       TRANSACTION SUCCESSFULLY COMPLETED
```