IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

RECEIVED
08 MAY 14 PM 1:09

THOMAS M. GOULD
CLERK U.S. DISTRICT COURT
W.D. OF MEMPHIS

| | |
|---|---|
| PAUL DENTON, pro se., § § Plaintiff, § § v. § § UNITED STATES OF AMERICA, § U.S. MARSHAL'S SERVICE, § FEDERAL BUREAU OF PRISONS, § et al., § § Defendants. § § | Case No: 07-2670-D/An |

### PLAINTIFF'S REPLY TO THE GOVERNMENT'S AMENDED MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Comes now Plaintiff Paul Denton, pro se., presently confined at the Federal Correctional Institution, in Memphis Tennessee, FCI Memphis. Plaintiff is now filing a reply to the government's motion to amend and memorandum in support of motion to dismiss. Plaintiff filed a "Civil Rights Complaint" with this Honorable Court, on or about October 07, 2007.

The government filed a response to the filing stating that Plaintiff's action was "barred" by the statute of limitations and that Plaintiff, has filed in the wrong venue. The Plaintiff filed a reply on or about April 11, 2008, stating that the Federal Bureau of Prisons excepted the filing of the Tort Claim, notwithstanding the fact that the incident took place on October 01, 2003. The Bureau of Prisons stated that the Tort Claim was "properly completed" and a copy of that letter from the Federal Bureau of Prisons has been sent to the court twice as an exhibit. Now the government has filed another motion requesting that this civil

(1)

action be dismissed, they are no longer requesting a chance of venue.

In the original filing, Plaintiff stated that Plaintiff had been placed under a (24) hour lock down for around a one year time period. In the government's motion they state that they requested records from the Federal Bureau of Prisons, that show that Plaintiff was only in (SHU) "Segregated Housing Unit" for less than two days.

First and foremost, the government is correct, Plaintiff was only in (SHU) for less than two days, but that is not what Plaintiff stated. What Plaintiff said is that Plaintiff was under a (24) hour lock down approximately one year. Plaintiff never stated, that Plaintiff was in (SHU). Plaintiff was at USP Terre Haute, and what took place was that the entire institution was locked down, not just Plaintiff. The dates of the lock down were:

January 10, 2005 thru February 10, 2005
February 27, 2005 thru March 10, 2005
March 14, 2005 thru June 20, 2005
August 01, 2005 thru August 14, 2005
December 03, 2005 thru December 17, 2005
January 16, 2006 thru February 05, 2006.

The aforementioned information was send to the Federal Bureau of Prisons Regional Office and that is when the (BOP) granted the equitable tolling concerning the Tort Claim. Bureau of Prisons staff, know the difference between an inmate being in (SHU) and a institutional lock down and what the government requested was information concerning Plaintiff being in

(2)

(SHU) and for the record, (SHU) stands for "Special Housing Unit". None of that is important, but this is. In the government's motion they said that the Bureau of Prisons could not grant equitable tolling, but at no time did the Bureau of Prison object to the late filing.

Please see 28 U.S.C.A. § 2401,n 14; "United States was required to affirmatively plead in its answer that Plaintiffs' case was barred by two year statue of limitations period set forth in 28 USCA § 2401, and its failure to do so wavied limitations defense. James v. United States, (2002, ED Cal.) 215 FRD 590." At no time did the Federal Bureau of Prisons make such a claim. Consequently, the Bureau of Prisons did in fact waive the two year time frame in which to file the Tort Claim.

Please bear in mind that the "Federal Bureau of Prisons" and the "U.S. Attorney's Office" are both under the U.S. Department of Justice, pursuant to 18 U.S.C. § 4001.

---

### PLEA FOR LIBERAL CONSIDERATION

Plaintiff Paul Denton, pro se., respectfully moves this Honorable Court to grant all liberal considerations with respect to this action, pursuant to Hanies v. Kerner, 404 U.S. 519, 30 L.Ed. 2d. 652, 92 S.Ct. (1972). As Plaintiff is not an attorney, has not attended any law school, and has no professional training with respect to filing any legal pleadings.

---

(3)

## CONCLUSION

Plaintiff Paul Denton, pro se., respectfully request and prays that this Honorable Court will allow this matter to move forward. As the government is very much aware, an inmate "must" exhaust all of the Bureau of Prisons filing before going into federal court and that is what Plaintiff has done. This reply motion is brought before this Honorable Court in good faith.

---

Respectfully submitted,

*Paul S. Denton*

Paul S. Denton, pro se.
#29485-044
Federal Correctional Institution
FCI Memphis
P.O. Box 34550
Memphis, TN. 38184-0550

Dated: May 12, 2008

---

## PROOF OF SERVICE

I, Paul S. Denton, pro se., #29485-044, mailed a copy of this filing to the person listed below. First class mail postage pre-paid, on the 12th day of May 2008, at the Federal Correctional Institution in Memphis, TN.

Mr. William W. Siler
A.U.S.A.
U.S. Attorney's Office
167 North Main Street
Suite 800
Memphis, TN. 38103

*Paul S. Denton*

Paul S. Denton, pro se.

(4)

