UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

Paul Denton,
Plaintiff,

v.                                                      Civil No.: 07-2670-D/An

United States,
Defendant.

---

## MOTION TO DISMISS *BIVENS* CLAIMS AND STRIKE JURY DEMAND, COMBINED WITH SUPPORTING MEMORANDUM

---

In this *pro se* prisoner case, the Court entered a screening order describing the action as a "complaint pursuant to the Federal Tort Claims Act" against the United States, the U.S. Marshal's Service, and the Bureau of Prisons. (Order, DE #7, pg. 1-2.)  The United States has moved for dismissal, arguing that the tort claim is time barred, and that motion is pending.  (DE # 19 and 21).

Although the Plaintiff also alleged that the United States violated his constitutional rights (i.e., a *Bivens*[1] claim), neither the screening order nor the government's pending motion to dismiss addressed that aspect of the Complaint.  Because a *Bivens* claim can be tried by a jury, but a federal tort claim can not, the question has risen whether the case should be set for a jury trial or a bench trial.  For the reasons set forth below, the Defendants move, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss any *Bivens* claims that may have survived the Court's screening order, and the Defendants move to strike the demand for jury trial.

---

[1]  That is, a claim asserting the cause of action established by the Supreme Court in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

The Plaintiff's damage claim for constitutional violations allegedly committed by federal officials could only be cognizable in a *Bivens* type action. However, there is no waiver of sovereign immunity – and thus no subject matter jurisdiction – for the Plaintiff's *Bivens* claim against the United States or any federal agency. *Franklin v. Henderson*, No. 00-4611, 2001 WL 861697, at *1 (6th Cir. June 20, 2001); *Fagan v. Luttrell*, No. 97-6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000); *Miller v. F.B.I.*, No. 96-6580, 1998 WL 385895, at *1 (6th Cir. July1, 1998). Sovereign immunity also bars *Bivens* actions for declaratory or injunctive relief against the United States or federal agencies. *Wolverton v. U.S.*, No. 96-5224, 1997 WL 85153, at *4 (6th Cir. Feb. 26, 1997); *United States v. Rural Elec. Convenience Coop. Co.*, 922 F.2d 429, 434 (7th Cir. 1991). This Court, in numerous other prisoner cases, has repeatedly recognized that there is no subject matter jurisdiction for a *Bivens* type claim against the United States or its agencies. *See for example, Smith v. Huston*, No. 07-2278, W.D. Tenn., Nov. 15, 2007, DE # 15; *Bey v. Federal Bureau of Prisons, et al.*, No. 07-2424, W.D. Tenn., July 20, 2007, DE # 5; *Risher v. Lappin, et al.*, No. 08-2038, Feb. 8, 2008, DE # 4. These unreported decisions are collectively attached as Exhibit A.

In addition to the sovereign immunity defense, which defeats all of the Plaintiff's *Bivens* claims, there is an additional defense to a *Bivens* claim based on an alleged violation of the First Amendment. The Supreme Court has expressly declined to extend a *Bivens* type remedy for First Amendment violations. *Bush v. Lucas*, 462 U.S. 367 (1983); *see also, Wilkie et al. v. Robbins*, ___ U.S. ___; 127 S. Ct. 2588, 2597 (2007) ("We have accordingly held against applying the *Bivens* model to claims of First Amendment violations by federal

employers.")

In conclusion, because sovereign immunity bars the Plaintiff's *Bivens* claims, those

claims should be dismissed.  Moreover, without those claims, the Plaintiff has no right to a

jury trial, and the jury demand should be stricken.

Respectfully submitted,
Lawrence J. Laurenzi
Acting United States Attorney

By:  s/  William W. Siler (BPR #7194)
Assistant United States Attorney
167 North Main Street, Suite 800
Memphis, Tennessee 38103
Telephone  (901) 544-4231
Facsimile (901) 544-4230
bill.siler@usdoj.gov

CERTIFICATE OF SERVICE

I, William W. Siler, Assistant U.S. Attorney, certify that the foregoing has been
electronically filed on this date.  I further certify that a copy of the foregoing has been mailed
to Paul S. Denton, Reg. No. 2948-044, FCI Memphis, P.O. Box 34550, Memphis, TN
38184-0550.

s/ William W. Siler
Assistant U.S. Attorney

Date: July 9, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

RICHARD CARLTON RISHER,

     Plaintiff,

vs.                           No. 08-2038-Ma/V

HARVEY LAPPIN, et al.,

     Defendants.

---

ORDER GRANTING IN PART AND DENYING IN PART
LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS
ON REMAINING DEFENDANTS

---

On January 18, 2008, Plaintiff Richard Carlton Risher, Bureau of Prisons ("BOP") inmate registration number 89032-012, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"), filed a pro se complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1974), accompanied by a motion seeking leave to proceed in forma pauperis. (Docket Entries ("D.E.") 1 & 2.) Because Plaintiff paid the civil filing fee on January 24, 2008, the motion for leave to proceed in forma pauperis is DENIED as moot.[1] The Clerk shall record the defendants as BOP Director Harvey Lappin; FCI-Memphis Warden Bruce

---

[1]    As discussed infra, however, Plaintiff has established that he is financially eligible to have the marshal serve process on his behalf. To that limited extent, the motion for leave to proceed in forma pauperis is GRANTED.

Exhibit A

Pearson; FCI-Memphis Associate Warden Sterling Dawson; FCI-Memphis Clinical Director Nahem Naimey; FCI-Memphis Chief Medical Officer E.J. Prince; FCI-Memphis Safety Manager Jack Joiner; Hector Flores, the Facilities Manager, Central Maintenance Services ("CMS"), at FCI-Memphis; Keith Herndon, General Foreman for CMS at FCI-Memphis; Robert Cook, Construction Foreman for CMS at FCI-Memphis; and FCI-Memphis Health Services Administrator Dion Franklund.

I.    Analysis of Plaintiff's Claims

    Plaintiff is sixty-five (65) years old and is housed in a unit designed for handicapped inmates. Before the events at issue, he used a cane. The complaint alleges that, on April 22, 2007, he fell into an excavated construction pit while attempting to enter his housing unit, sustaining physical injuries including a ruptured rotator cuff in his right shoulder. Plaintiff alleges that the excavation occurred one week before the accident to access buried telephone cables, blocking the only door to his unit, and that no ramp or other safety equipment was provided for pedestrians.

    Plaintiff further alleges that, after the accident, he received inadequate medical treatment for his injuries. He also contends he has not been provided with a walker or wheelchair or adequate treatment of his chronic and severe pain.

    Plaintiff seeks injunctive relief and compensatory and punitive damages.

    The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

Exhibit A

      (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

      (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). Portions of Plaintiff's complaint are subject to dismissal.

      In addition to the claims against Defendants in their individual capacities, Plaintiff has also sued Defendants Lappin, Pearson, Dawson, Naimey, Prince, and Franklund in their official capacities. Each of these individuals is employed by the BOP and, therefore, the claims against them in their official capacities are claims against the BOP, a federal agency, or against the United States. See Hafer v. Melo, 502 U.S. 21, 25 (1991). Bivens claims against federal agencies are barred by sovereign immunity. Franklin v. Henderson, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001); Fagan v. Luttrell, No. 97-6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) ("Bivens claims against the United States are barred by sovereign immunity. . . . The United States has not waived its immunity to suit in a Bivens action."); Miller v. Federal Bureau of Investigation, No. 96-6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of sovereign immunity precludes a Bivens action against a federal agency for damages"). Sovereign immunity also bars Bivens actions against the United States or its agencies for declaratory and injunctive relief. Wolverton v. United States, No. 96-5224, 1997 WL 85153, at *4 (6th Cir. Feb. 26, 1997) (per curiam); United States v. Rural Elec. Convenience Coop. Co., 922 F.2d 429, 434 (7th Cir. 1991).

3

The Court therefore DISMISSES the complaint as to Defendants Lappin, Pearson, Dawson, Naimey, Prince, and Franklund in their official capacities, pursuant to 28 U.S.C. § 1915A(b)(1) & (2).

Defendant Lappin cannot be held liable on the basis of his position as Director of the BOP, Defendants Pearson and Dawson cannot be held liable on the basis of their positions as Warden and Associate Warden, respectively, of FCI-Memphis, and Defendant Franklund cannot be held liable on the basis of her position as Health Services Administrator at FCI-Memphis. There is no respondeat superior liability under § 1983 or Bivens. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984); accord Okoro v. Scibana, 63 F. App'x 182, 184 (6th Cir. 2003) (Bivens). Instead,

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Bellamy, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). In this case, the complaint contains no allegations that Defendants Lappin, Pearson, Dawson, or Franklund "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy,

4

Exhibit A

729 F.2d at 421, or that the allegedly unconstitutional conduct described in the complaint was the direct result of the failure of Defendants Lappin, Pearson, Dawson, or Franklund to perform a function he or she was legally obligated to perform, <u>Doe v. Claiborne County, Tenn.</u>, 103 F.3d 495, 511-12 (6th Cir. 1996). The standard is not satisfied by allegations that a defendant mishandled a grievance or failed to investigate a complaint. <u>Shehee</u>, 199 F.3d at 300. In this case, the only factual allegations about Defendants Lappin, Pearson, Dawson, and Franklund is that they failed to respond favorably to Plaintiff's grievances. Even if it is assumed that one or more defendants violated Plaintiff's rights, Defendants Lappin, Pearson, Dawson, and Franklund could not be personally liable to Plaintiff.

The Court DISMISSES the complaint against Defendants Lappin, Pearson, Dawson, and Franklund in their individual capacities, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim on which relief may be granted.

II.  <u>Issuance of Process</u>

It is ORDERED that the Clerk shall issue process for the remaining defendants and deliver that process to the marshal for service.[2] Service shall be made on Defendants Naimey, Prince, Joiner, Flores, Herndon, and Cook pursuant to Fed. R. Civ. P. 4(e) and Tenn. R. Civ. P. 4.04(1) & (10), either by mail or personally

---

[2]   When a plaintiff pays the filing fee, he ordinarily is not entitled to have the marshal serve process for him. On the basis of the information provided in the <u>in forma pauperis</u> motion, however, the Court finds that it is appropriate, pursuant to Fed. R. Civ. P. 4(c)(2), to appoint the marshal to effect service in this case.

Exhibit A

if mail service is not effective. All costs of service shall be advanced by the United States. The service on Defendants shall include a copy of this order.

It is further ORDERED that Plaintiff shall serve a copy of every document filed in this cause on the attorneys for Defendants or on any Defendant who has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.

Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 7th day of February, 2008.


                              s/SAMUEL H. MAYS, JR.
                              UNITED STATES DISTRICT JUDGE

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

NEWTON BEY,

      Plaintiff,

vs.                  No. 07-2424-B/P

FEDERAL BUREAU OF PRISONS,
et al.,

      Defendants.

---

ORDER ASSESSING $350 CIVIL FILING FEE
ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS
ON THE REMAINING DEFENDANTS

---

On June 12, 2007, Plaintiff Newton Bey, Bureau of Prisons ("BOP") inmate registration number 20976-076, an inmate at the Federal Prison Camp[1] in Millington, Tennessee ("FPC-Millington"), filed a pro se complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1974), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. The Court issued an order on June 26, 2007 directing Plaintiff to comply with the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), or pay the $350 civil filing fee. Plaintiff filed the required

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

Exhibit A

documents on July 5, 2007. The Clerk shall record the defendants as the BOP, FPC-Memphis Warden Bruce Pearson, Administrator Dion E. Franklund, Dr. Naimey, and Physicians Assistants Adkins, Gonzales, Ingram, and Conera.

I.   Assessment of Filing Fee

Under the PLRA, all prisoners bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has properly completed and submitted an in forma pauperis affidavit bearing a certification by the trust fund officer. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's

2

account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his

Exhibit A

change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the WCF warden to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

## II.  Analysis of Plaintiff's Claims

Bey allegedly suffers from a neurological condition and had an MRI in 2003. He asserts his symptoms have become more severe, and he complains that the medical staff at his prison have refused to conduct another MRI. Plaintiff seeks monetary relief.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Portions of Plaintiff's complaint are subject to dismissal.

4

Exhibit A

Plaintiff's <u>Bivens</u> claim against the BOP for money damages is barred by sovereign immunity. <u>FDIC v. Meyer</u>, 510 U.S. 471, 483-86 (1994); <u>see also</u> <u>Shaner v. United States</u>, 976 F.2d 990, 994 (6th Cir. 1992) (<u>Bivens</u> actions may not be brought against the United States). Sovereign immunity also bars <u>Bivens</u> actions against the United States or its agencies for declaratory and injunctive relief. <u>Wolverton v. United States</u>, No. 96-5224, 1997 WL 85153, at *4 (6th Cir. Feb. 26, 1997) (per curiam); <u>United States v. Rural Elec. Convenience Coop. Co.</u>, 922 F.2d 429, 434 (7th Cir. 1991). Therefore, the Court DISMISSES the <u>Bivens</u> claim against the BOP, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2), because it seeks monetary relief from a defendant who is immune from such relief. The BOP remains in the case, however, as to the FTCA claim.

The complaint contains no factual allegations about Defendants Pearson, Franklund, Adkins, Gonzales, Ingram, and Conera. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." <u>Spruytte v. Walters</u>, 753 F.2d 498, 500 (6th Cir. 1985).

Moreover, Defendant Pearson cannot be held liable because of his position as Warden of FPC-Millington. There is no <u>respondeat superior</u> liability under § 1983. <u>Bellamy v. Bradley</u>, 729 F.2d 416, 421 (6th Cir. 1984). Instead,

5

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Id. (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). In this case, the complaint contains no allegations that the Warden "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy, 729 F.2d at 421, or that the allegedly unconstitutional conduct described in the complaint was the direct result of the failure of the Warden to perform a function he was legally obligated to perform, Doe v. Claiborne County, Tenn., 103 F.3d 495, 511-12 (6th Cir. 1996). The standard is not satisfied by allegations that a defendant mishandled a grievance or failed to investigate a complaint. Shehee, 199 F.3d at 300. Therefore, even if it were assumed that Defendant Naimey violated Plaintiff's rights under the Eighth Amendment, the Warden could not be personally liable to Plaintiff.

Finally, the FTCA provides for a cause of action against the United States for tort claims arising from the actions of

Exhibit A

Government employees. There is no individual liability under the FTCA. <u>See</u> <u>Smith v. United States</u>, 507 U.S. 197, 215 & n.15 (1993) (Stevens, J., dissenting); <u>Greer v. United Staes</u>, 72 F. App'x 793, 795-96 (10th Cir. 2003).

The Court therefore DISMISSES the complaint, in its entirety, with respect to Defendants Pearson, Franklund, Adkins, Gonzales, Ingram, and Conera, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted. The Court also DISMISSES the FTCA claim with respect to Defendant Naimey, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

III. <u>Issuance of Process</u>

It is ORDERED that the Clerk shall issue process for the remaining defendants and deliver said process to the marshal for service. Service shall be made on the BOP pursuant to Fed. R. Civ. P. 4(i)(2)(A). Service shall be made on Defendant Naimey pursuant to Fed. R. Civ. P. 4(e) and Tenn. R. Civ. P. 4.04(1) & (10), either by mail or personally if mail service is not effective. All costs of service shall be advanced by the United States. The service on Defendants shall include a copy of this order.

It is further ORDERED that Plaintiff shall serve a copy of every document filed in this cause on the attorneys for each defendant or on any defendant that has no attorney. Plaintiff shall

7

make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.

Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 20th day of July, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

8

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|   |   |   |
|---|---|---|
| DARYL SMITH, | ⟧ |   |
|   | ⟧ |   |
| Plaintiff, | ⟧ |   |
|   | ⟧ |   |
| vs. | ⟧ | No. 07-2278-JPM-dkv |
|   | ⟧ |   |
| OFFICER HOUSTON, | ⟧ |   |
|   | ⟧ |   |
| Defendant. | ⟧ |   |
|   | ⟧ |   |

---

ORDER DENYING IRREGULAR MOTION
ORDER OF PARTIAL DISMISSAL
ORDER GRANTING APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

---

On April 20, 2007, Plaintiffs Daryl Smith, Bureau of Prisons ("BOP") inmate registration number 20287-424, Leon Burke, BOP inmate registration number 17902-076, Jesse R. McNutt, BOP inmate registration number 08446-033, and Christopher Collins, BOP inmate registration number 29467-044, all of whom were inmates at the Federal Prison Camp in Memphis, Tennessee ("FPC-Memphis"), filed a pro se complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1974). The civil filing fee was not paid at the time the complaint was filed, and Plaintiffs did not file in forma pauperis affidavits and copies of their inmate trust fund account statements. On June 6, 2007, the Clerk docketed a letter from Plaintiff Smith, entitled "Theft of Court Filing Fees/Case No. 07-2278," in which he asserted that funds submitted

Exhibit A

to pay the filing fee and the fees for service of process had been stolen. (D.E. 2.) The Clerk conducted an internal investigation and, by letter dated August 21, 2007, advised Plaintiff that no theft had occurred and that the checks and postal money orders that had been submitted had not been cashed. The money had been returned because it was received prior to the filing of a complaint and did not contain a case number. On August 30, 2007, Plaintiff Smith filed a motion for an independent investigation of his allegations about the filing fee, which was not docketed until September 5, 2007. (D.E. 3.) The Clerk shall record the defendant as Officer Houston, who is sued in both his individual and official capacities.

On October 2, 2007, Plaintiff Smith filed a motion, entitled "Plaintiff's Motion to Have the Previously Filed Complaint in Compliance with the Sixth Circuit Precedent." (D.E. 12.) The purpose of this motion is not clear, as the matters raised have been addressed in previous orders and the motion does not seek any specific relief. Plaintiff Smith asks that the complaint be filed, but the complaint was filed on April 20, 2007. Plaintiff Smith also addresses allocation of the filing fee, yet the filing fee has been paid in full so no assessment order is necessary. The October 2, 2007 order is DENIED.[1]

---

[1]    In his motion, Plaintiff Smith also states that he tendered forty dollars ($40.00) to cover the cost of service. As this is a paid complaint, the marshal will not effect service unless ordered to do so by the Court, and no motion to that effect has been filed. See Fed. R. Civ. P. 4(c)(2). The amount submitted by Plaintiff is insufficient to cover the marshal's cost for serving a single summons and, in this case, service of four summonses is required. See (continued...)

Exhibit A

I.   <u>Analysis of Plaintiffs' Claims</u>

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Defendant Houston is employed by the BOP and, therefore, a claim in his official capacity is a claim against the BOP, a federal agency, or the United States. <u>See</u> <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991). <u>Bivens</u> claims against federal agencies are barred by sovereign immunity. <u>Franklin v. Henderson</u>, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001); <u>Fagan v. Luttrell</u>, No. 97-6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) ("<u>Bivens</u> claims against the United States are barred by sovereign immunity. . . . The United States has not waived its immunity to suit in a <u>Bivens</u> action."); <u>Miller v. Federal Bureau of Investigation</u>, No. 96-6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of sovereign immunity precludes a <u>Bivens</u> action against a federal agency for damages"). Sovereign immunity also bars <u>Bivens</u> actions against the United States or its agencies for declaratory and injunctive relief. <u>Wolverton v. United States</u>, No. 96-5224, 1997 WL 85153, at *4 (6th Cir. Feb. 26, 1997) (per curiam); <u>United</u>

---

[1]      (...continued)
Fed. R. Civ. P. 4(i)(2)(B).

3

States v. Rural Elec. Convenience Coop. Co., 922 F.2d 429, 434 (7th Cir. 1991).

The Court therefore DISMISSES the complaint as to Defendant Houston in his official capacity, pursuant to 28 U.S.C. § 1915A(b)(1) & (2).

II.  Appointment of Counsel

This case involves alleged strip searches of four prisoners by a correctional officer who is alleged to have had no legitimate penological reason for the searches. Plaintiffs have not requested appointment of counsel in this matter. Nonetheless, because of the number of plaintiffs involved, and the fact that two of the plaintiffs are no longer at FPC-Memphis, the Court believes it would be in the interest of justice to appoint counsel in this case. The Clerk is directed to attempt to find pro bono counsel to represent Plaintiffs in this matter.

Plaintiffs are advised that there is no guarantee that a pro bono attorney will be found who is willing to take the case, and the Court is unable to compel any attorney to accept a specific pro bono assignment. Therefore, if no pro bono attorney agrees to accept the case, Plaintiffs must proceed pro se.[2]

_____

[2]  Ordinarily, the Court would dismiss the complaint, pursuant to Fed. R. Civ. P. 41(b), as to Plaintiffs Burke and McNutt, who are no longer at FPC-Memphis and have not provided the Clerk with their new addresses. As this is an appropriate case for appointment of counsel, the Court will not dismiss those plaintiffs at this time in order to afford appointed counsel the opportunity to locate these missing parties.

If pro bono counsel cannot be located, Plaintiffs are advised that, pursuant to Fed. R. Civ. P. 11(a), all filings with the Clerk must contain the original signatures of all plaintiffs. A nonlawyer cannot submit papers on behalf of another person. See Garrison v. Fleet Fin., Inc., No. 97-6422, 1999 WL 282626,
(continued...)

Exhibit A

## III. <u>Issuance of Process</u>

It is ORDERED that the Clerk shall issue process for Defendant and mail that process to Plaintiff Smith, who is responsible for effecting service on Defendant pursuant to Fed. R. Civ. P. 4(i)(2)(B).[3] The service on Defendant shall include a copy of this order.

It is further ORDERED that the Plaintiffs shall serve a copy of every document filed in this cause on the attorneys for Defendant or on Defendant if he has no attorney. Plaintiffs shall make a certificate of service on every document filed. Plaintiffs shall familiarize themselves with the Federal Rules of Civil Procedure and this Court's local rules.

Plaintiffs shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these

---

[2]    (...continued)
at *1 (6th Cir. Apr. 30, 1999) (holding that "[t]he signing and filing of a notice of appeal on behalf of another by a person who is not a qualified attorney is ineffective to vest an appellate court with jurisdiction"); <u>Johns v. County of San Diego</u>, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear <u>pro se</u> on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"); <u>Cochran v. Nelson</u>, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994); <u>Peak v. Smith</u>, No. 91-5902, 1992 WL 60194, at *1 (6th Cir. Mar. 27, 1992) ("As an initial matter, we recognize this appeal as brought only by plaintiffs Peak and Crowhorn as they were the only parties to sign the notice of appeal. As plaintiff Duncan failed to sign the notice of appeal, he failed to effectuate an appeal. . . . In addition, Peak and Crowhorn are not permitted to plead or conduct the case for others because they are not attorneys. <u>See</u> 28 U.S.C. § 1654. Therefore, the only plaintiffs before this court as appellants are Peak and Crowhorn.") (citations omitted); <u>Mikeska v. Collins</u>, 928 F.2d 126 (5th Cir. 1991); <u>Bonacci v. Kindt</u>, 868 F.2d 1442, 1443 (5th Cir. 1989); <u>see also</u> <u>Cavanaugh ex rel. Cavanaugh v. Cardinal Local School Dist.</u>, 409 F.3d 753, 755 (6th Cir. 2005) ("Because, by definition, pro se means to appear on one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action."); <u>Shepherd v. Wellman</u>, 313 F.3d 963, 970-71 (6th Cir. 2003).

[3]    Plaintiff also must comply with Rule 4(c)(2), which requires, in part: "Service may be effected by any person who is not a party and who is at least 18 years of age."

Exhibit A

requirements, or any other order of the Court, may result in this case being dismissed without further notice.

     IT IS SO ORDERED this 15th day of November, 2007.


                              s/ JON PHIPPS McCALLA

                              UNITED STATES DISTRICT JUDGE

Exhibit A