**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

___

| | | |
|---|---|---|
| **PAUL DENTON**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 07-2670-D/An |
| | ) | |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Defendant. | ) | |

___

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**
___

Before the Court is Defendant, United States of America's ("Defendant" or "United States"), Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(3) and (6); or, alternatively, Transfer to Proper Venue pursuant to 28 U.S.C. Section 1404. Defendant contends Plaintiff, Paul Denton's (hereinafter, "Plaintiff") suit is barred by the statute of limitations and that the Western District Court of Tennessee is the wrong venue. Plaintiff brought this claim pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680(h). Plaintiff alleges that Defendant, by and through its agents United States Marshall Services (U.S. Marshalls) and the Federal Bureau of Prisons (FBP), acted willfully, maliciously, and unlawfully, depriving Plaintiff of his rights protected by the First, Fifth, and Eighth Amendments of the Constitution when they negligently wounded him from an airplane. Further, Plaintiff seeks compensatory, punitive and special damages, along with costs and expenses associated with litigation.

1

I.   **STATEMENT OF FACTS**

Plaintiff is a thirty-seven year old man incarcerated in the Federal Correctional Institution in Memphis, Tennessee for armed bank robbery in violation of 18 U.S.C. §§ 21 and 2, 139(a) and (d), and use of a firearm in relation to a crime of violence in violation of 18 U.S.C. Section 924(c)(1). (Def.'s Mot. to Dismiss, or Alternatively, Transfer to Proper Venue Combined with Supp. Mem., hereinafter, "Def.'s Mot. to Dismiss" 1). Plaintiff was convicted in the Eastern District of Missouri and is serving a 200 month term of imprisonment. (Id.) On September 18, 2003, the Court ordered Plaintiff to undergo a psychiatric examination. (Id. at 2.) On October 1, 2003, Plaintiff was scheduled to be transferred from the FBP Transfer Center in Oklahoma to the United States Penitentiary in Terre Haute, Indiana. (Id.) En route to Indiana, the airplane experienced mechanical difficulties which necessitated its diversion to Chicago's O'Hare International Airport. (Compl. 4.) However, when the plane attempted to land, its landing gear failed causing the front of the airplane to collapse. (Id.)

Following the crash landing, the U.S. Marshalls aboard the plane used the emergency chute to evacuate the plane. (Id.) Plaintiff and the other inmates were pushed down the chute wearing leg irons, belly chains, and handcuffs. (Id.) Plaintiff further states that there were no U.S. Marshalls at the bottom of the chute to catch their fall. (Id.)

Consequently, Plaintiff injured his back and spine. (Id.) Plaintiff informed the Marshalls of his injuries and requested medical care but was initially denied assistance. (Id.) Later, Plaintiff was placed on a bus and taken to Metropolitan Correctional Center (hereinafter "MCC"), in Chicago, Illinois. (Id.) Plaintiff alleges he was continually denied proper medical care by Defendant for injuries sustained during the airplane evacuation. (Def.'s Mot. to Dismiss 2.) After reaching MCC,

Plaintiff again requested medical treatment but the MCC staff denied his request. (Id.) Plaintiff continually requested medical attention for his injuries sustained in the crash. (Id.) However, after denying his requests, the medical staff at the MCC gave him seizure medication. (Id.) Immediately after taking the medication, Plaintiff experienced convulsions, chest pain, shortness of breath, dizziness, and muscle stiffness. (Id.) Plaintiff was taken to the emergency room of a local hospital in Chicago for treatment. (Compl. 5.)

## II.     LEGAL STANDARD

This is a pro se matter, and as such it is held to a less stringent standard than those drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, (1972); Burton v. Jones, 32 F.3d 569, 573 (6th Cir. 2003). The allegations in a pro se complaint must be taken as true and construed in favor of the plaintiff. See Malone v. Colyer, 710 F.2d 258, 260 (6th Cir. 1983).

A defendant may bring a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3). See Kerobo v. Sw. Clean Fuels, Corp., 285 F.3d. 531, 538 (6th Cir. 2002). On a 12(b)(3) motion to dismiss, the plaintiff bears the burden of proving that venue is proper. Audi AG Volkswagen of America Inc. v. Izumi, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002). The Court must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991). If the Court finds that venue is improper, the case may be dismissed or transferred to the district in which it could have been brought. 28 U.S.C. §1406(a).

Venue is generally governed by 28 U.S.C. Section 1391. **The Court has jurisdiction over**

this matter pursuant to the FTCA and 28 U.S.C. Section 1346(b).[1]  See, e.g., Flechsig v. United States, 991 F.2d 300, 302 (6th Cir. 1993) ("The FTCA constitutes a limited waiver of sovereign immunity by the United States . . . . [T]hus . . . the FTCA defines the scope of district court jurisdiction to entertain FTCA suits.").  For claims founded on federal question jurisdiction (such as a claim under the FTCA), one must look to 28 U.S.C. Section 1391(b) which provides that a:

> (b) civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in:
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Id.[2]  A civil action on a FTCA claim against the United States under 28 U.S.C. Section 1346(b) may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.  28 U.S.C. §1402(b).

Venue refers to the place where a lawsuit should be heard and, thus, is different from the question of jurisdiction.  See Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 167–68 (1939) (acknowledging that jurisdiction is a question of the court's power and venue is a question

---

[1] 28 U.S.C. § 1346(b)(1) provides that:

the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

[2] For the purposes of analyzing venue neither party states where Plaintiff resided before his incarceration, thus this Court will decide federal jurisdiction based on a federal question.

of the litigants' convenience); see also Gould, Inc. v. Pechiney Ugine Kuhlmann, 853 F.2d 445, 454 (6th Cir. 1988); Dixie Portland Flour Mills, Inc. v. Dixie Feed & Seed Co., 382 F. 2d 830, 833 (6th Cir. 1967). Venue primarily concerns the convenience of the forum for the parties. Leroy v. Great West. United Corp., 443 U.S. 173, 180 (1979). Section 1391 is to be applied to protect the defendant against the plaintiff choosing an unfair or inconvenient place for trial. Leroy, 443 U.S. at 183–84. State law does not control venue in federal court. See id. at 183 n.15; Miller v. Davis, 507 F.2d 308, 316 (6th Cir. 1974). The question of where a claim arose is governed by federal law. See Commercial Lighting Prod. Inc. v. United States Dist. Court, 537 F.2d 1078, 1079 (9th Cir. 1976). A finding of improper venue does not go to the merits of the claim, and therefore must be without prejudice. See Catz v. Chalker, 142 F.3d 279, 284-85 (6th Cir. 1998); see also Fed. R. Civ. P. 41(b) (excluding dismissal from improper venue from other dismissal actions that usually operate as adjudications on the merits).

### III.    ANALYSIS

#### A. Improper Venue

Defendant's motion to dismiss, in part, is based on the impropriety of venue in the Western District of Tennessee. Under Section 1402(b), any civil action on a tort claim against the United States under subsection (b) of 28 U.S.C. Section 1346 may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred. Domicile is determined by physical presence in a state and either an intention to reside there indefinitely or the absence of an intention to reside elsewhere. Stifel v. Hobkins, 477 F. 2d 1116, 1120 (6th Cir. 1973). Domicile is volitional, thus a foreseeable change in a person's place of residence ordinarily

does not alter the person's domicile. Restatement (Second) Conflict of Laws § 17 (1971). The Sixth Circuit has held that an incarcerated inmate is not domiciled at his place of incarceration. Id. at 1124 (determining for the purposes of deciding diversity of jurisdiction inmates do not reside where they are incarcerated).

Section 1406(a) provides: "The district court of the district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." Defendant moves for dismissal on grounds of improper venue citing Section 1402(b). In the present case, jurisdiction is based on a federal question. Thus, the case should have been filed in the "judicial district in which a substantial part of events. . . [gave] rise to the claim. . ." 28 U.S.C. § 1391(b)(2). Under these standards, Plaintiff, who is merely confined in a federal prison in this district, would not be considered a resident of Tennessee.[3] The case was filed in the Western District of Tennessee. There is no allegation that a substantial part of the events occurred in this district. Defendant contends that venue is improper and that pursuant to 28 U.S.C. Section 1404, this case should be dismissed or transferred to the proper venue. (Def.'s Mot. to Dismiss 5.)

The Court concludes that venue is improper in this district. The events relevant to this case did not occur in the Western District of Tennessee, and there is a district where this action otherwise may be brought. The events underlying this claim occurred in the Northern District of Illinois, and as such, proper venue of this action is not in the Western District of Tennessee.

**B. Transfer of Case For Improper Venue**

---

[3]Plaintiff neither alleges nor proves that he was a resident of the Western District of Tennessee when he filed this action. See Sullivan v. Freeman, 944 F. 2d 334, 337 (7th Cir. 1991).

Having concluded that venue is improper in the Western District of Tennessee, the Court must either dismiss the action or, "if it be in the interest of justice, transfer [the claim] to any district or division in which it could have been brought." 28 U.S.C. §1406(a). The decision whether or not, in light of the several factors involved, to transfer the action is generally within the sound discretion of the district court. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). Generally, the interests of justice require transferring a case to the appropriate judicial district rather than dismissing it. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962). "The liability of the United States in actions under the FTCA is governed by the law of the place where the alleged tort occurred." Ward v. U.S., 838 F.2d 182, 184 (6th Cir. 1988); see also 28 U.S.C. § 1346(b)(1).

Defendant's argument in favor of transfer to the Northern District of Illinois is persuasive. (Def.'s Mot. Dismiss 5.) The factors relevant under Section 1404 are convenience of the parties, convenience of the witnesses, and the interests of justice. 28 U.S.C. §1404. The acts complained of in this case occurred at O'Hare International Airport and the MCC in Chicago, Illinois. Both places are located in the Northern District of Illinois. The potential witnesses in this matter, except Plaintiff, include agents and staff members who reside in Illinois. Concomitantly, all of the acts underlying this case occurred in Illinois. Therefore, Illinois state law applies to Plaintiff's claims. Plaintiff's complaint and factual allegations suggest that the Northern District of Illinois will have personal jurisdiction over Plaintiff and that venue will lie in that district. Accordingly, the Court will **TRANSFER** this action.

**IV. CONCLUSION**

The Court finds that venue is improper in this district and thus, in the interests of justice, the case should be **TRANSFERRED** to the United States District Court for the Northern District of Illinois. The Clerk of Court is hereby directed to **TRANSFER** this case to the United States District for the Northern District of Illinois.

**IT IS FURTHER ORDERED** that the Clerk of the Court is ordered to certify the complete record of this cause and forward the same to the Clerk of United States District Court for the Northern District of Illinois.

**IT IS SO ORDERED** this 29th day of July 2008.

                                              **s/Bernice Bouie Donald**
                                              **BERNICE BOUIE DONALD**
                                              **UNITED STATES DISTRICT COURT**