UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL DENTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 4485 |
| | ) | |
| v. | ) | Judge James F. Holderman |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Paul Denton, filed suit, *pro se*, against the United States of America, the U.S. Marshals Service, and the Federal Bureau of Prisons, asserting claims under the Federal Tort Claims Act, 28 U.S.C. § 1346 (hereinafter, "FTCA"). Plaintiff alleges that on October 1, 2003, while being transferred by airplane from the Federal Bureau of Prisons Transfer Center to the United States Penitentiary in Terre Haute, Indiana, the airplane developed mechanical difficulties necessitating a diversion to Chicago's O'Hare Airport. On landing, the landing gear failed, causing a frontal crash. Plaintiff alleges that the U.S. Marshal failed to exercise due care in evacuating the inmates from the plane, causing him injury to his back and spine. Plaintiff further alleges he was denied adequate medical care for the injuries he sustained, first in receiving no care at all at the Metropolitan Correctional Center, and then receiving the wrong medication leading to convulsions. Plaintiff may also be alleging constitutional violations pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1997), as he makes generalized allegations of violations of his First, Fifth, and Eighth Amendment rights.

Plaintiff initially filed his complaint in the United State District Court for the Western District of Tennessee (Case No. 07 C 2670) and it was transferred to the Northern District of

Illinois on August 8, 2008. Defendants filed a motion to dismiss [#39] alleging that Plaintiff's claims were time barred and seeking to dismiss any *Bivens* claims he might have. Defendants withdrew their motion on May 27, 2009 in the face of limited discovery requests from Plaintiff. Defendants filed their motion for summary judgment on February 26, 2010, alleging the same arguments they made in their withdrawn motion to dismiss: 1) Plaintiff's claims are time-barred; and 2) Plaintiff's *Bivens* claims fail. For the reasons stated herein, the motion for summary judgment is granted.

## LEGAL STANDARD

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, with admissible evidence, that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Local Rule 56.2;

*Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). This notice clearly sets out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that Plaintiff's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1

> Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:
> (3) a concise response to the movant's statement that shall contain:
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b). The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs").

Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994). Despite being given this notice, Plaintiff failed to respond to Defendants' Rule 56.1 statement of facts. *See* "Traverse to Defendants' Motion for Summary Judgment", [#69]. Consequently,

Defendants' facts contained in their Rule 56.1 statement, to the extent that they are material and adequately supported by the record, are deemed admitted.

Because Plaintiff is proceeding *pro se*, the Court will consider the factual assertions he makes in his response, but only to the extent that Plaintiff could properly testify about the matters at trial – that is, only with respect to those facts within Plaintiff's personal knowledge. See FED. R. EVID. 602.

## UNDISPUTED FACTS

Plaintiff, Paul Denton, filed this cause of action in the United States District Court for the Western District of Tennessee when he was in custody at the Federal Correctional Institution at Memphis, Tennessee on October 17, 2007. (Plaintiff's complaint.) Defendants are the United States of America, the U.S. Marshals Service, and the federal Bureau of Prisons. *Id*. Plaintiff raises claims under the FTCA, 28 U.S.C. § 1346, and perhaps, liberally construing Plaintiff's complaint, pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1997). *Id*. Plaintiff's complaint involves allegations of negligence relating to the crash of the airplane that was transporting him to the federal prison in Terre Haute, Indiana on October 1, 2003, and of inadequate medical care for his resulting injuries. *Id*. By court order of August 8, 2008, the case was transferred to the United States District Court for the Northern District of Illinois [#30].

On October 1, 2003, Plaintiff was on a flight transferring him from the Federal Bureau of Prisons Transport Center in Oklahoma to the United States Penitentiary in Terre Haute, Indiana. (Plaintiff's complaint at pp. 3-4.) En route to Indiana, the airplane experienced mechanical difficulties necessitating its diversion to Chicago's O'Hare International Airport. *Id.* In attempting to land, the airplane's landing gear failed, causing a frontal crash. *Id.*

Following the crash, U.S. Marshals aboard the flight activated the emergency chute to evacuate the plane and assisted inmates in exiting the aircraft. *Id*. at p. 4.

On October 26, 2006, more than three years after his alleged injury, Plaintiff filed an administrative complaint with the Federal Bureau of Prisons. (Defendants' 56.1(a)(3) statement ¶ 4.) The claim was denied on April 26, 2007, and Plaintiff filed his complaint in this case on October 17, 2007, within six months of the denial. (Defendants' 56.1(a)(3) statement ¶ 4.)

Plaintiff argues several reasons why the statute of limitations should be equitably tolled in this case: 1) he was under a mental disability during the limitations period because of medications he was prescribed by the Bureau of Prisons; 2) he was subjected to lock-downs and his transfers between federal penitentiaries, which prevented him from timely filing his claim; and 3) he sent two letters to prison officials, one on December 15, 2003 and one on August 2, 2004, requesting a federal tort claim form, but received no response. (Plaintiff's Traverse to Defendants' Motion for Summary Judgment, [#69].)

Plaintiff was afforded a full mental competency examination on November 13, 2003, and was found competent to stand trial on an unrelated criminal offense on December 17, 2003, by the Eastern District of Missouri. (Defendants' 56.1(a)(3) statement ¶ 7 and Plaintiff's Traverse, [#69], Exhibit #3.) On April 26, 2004, Plaintiff entered into a plea agreement in the criminal matter and stated that he understood the allegations against him and the consequences of entering into a plea agreement with the government. *Id*. From September 20, 2004 through March 23, 2005, and from March 25, 2005 through December 6, 2006 Plaintiff was continuously employed in his penitentiary's educational department, as an institutional orderly, and in a Bureau of Prison factory. (Defendants' 56.1(a)(3) statement ¶ 8.) During the limitations period applicable to the instant case, Plaintiff was not being prescribed any

5

medications in a dosage that would result in a temporary mental disability. (Defendants' 56.1(a)(3) statement ¶ 9.)

## ANALYSIS

### I. The Limitations Period under the FTCA.

The FTCA states that "the United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . . " 28 U.S.C. § 2674. However, the FTCA bars claimants from bringing suit against the United States in federal court until they have exhausted their administrative remedies. 28 U.S.C. § 2675; *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993). "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. 2401(b); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997).

Section 2401(b) requires the claimant both to file the claim with the agency within two years after accrual of the claim and then to file a complaint in the District Court within six months after the agency denies the claim. *Schuler v. United States*, 202 U.S. App. D.C. 199, 628 F.2d 199, 201 (D.C. Cir. 1980). This interpretation of Section 2401(b) has been uniformly followed in subsequent cases and there is no legal precedent for holding otherwise. *See, e.g., Franklin Sav. Corp. v. United States*, 385 F.3d 1279, 1287 (10th Cir. 2004); *Willis v. United States*, 719 F.2d 608 (2d Cir. 1983); *State Farm Ins. Co. v. United States*, 6 F. Supp. 2d 985, 986-87 (N.D. Ill. 1998).

Plaintiff alleges that he was injured in an air transport crash at O'Hare International Airport on October 1, 2003, and that he received inadequate medical care for his resulting

injuries. He did not file his claim with the Bureau of Prisons until October 26, 2006, more than three years after the alleged incident. Accordingly, even though Plaintiff filed suit in the district court on October 17, 2007, within six months of his claim being denied on April 26, 2007, because he failed to file his administrative claim with the Bureau of Prisons within two years of the date of the accident, he did not meet the limitations requirement of 28 U.S.C. 2401(b).

## II.     Plaintiff is not Entitled to Equitable Tolling.

While Plaintiff did not file his administrative claim until more than three years after his alleged injuries, he asserts that the two-year limitations period for the filing of his administrative claim should be equitably tolled for a variety of reasons: 1) his multiple transfers between federal prison facilities prevented him from filing his claim; 2) he sent two letters to Bureau of Prisons officials requesting the form necessary to file his claim and never received a response; and 3) the medication he was prescribed during the limitations period left him incapacitated and unable to file his claim.

Equitable tolling permits a plaintiff to avoid the statute of limitations bar if, despite the exercise of all due diligence, he was unable to file his claim in a timely fashion. *Shropshear v. Corp. Counsel of the City of Chicago,* 275 F.3d 593, 595 (7th Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *see also Williams v. Buss*, 538 F.3d 683, 685 (7th Cir, 2008). Equitable tolling is granted sparingly. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). None of Plaintiff's arguments establishes that he pursued his rights diligently or that any extraordinary circumstance stood in his way, sufficient to defeat Defendants' motion for summary judgment.

7

In response to Defendants' motion for summary judgment, Plaintiff first argues that the statute of limitations for his FTCA claim should be tolled because he was transferred multiple times and was frequently on lock-down during the limitations period. (Plaintiff's Traverse to Defendants' Motion for Summary Judgment, [#69].) The record reflects that while Plaintiff was subject to multiple transfers during the two years following his alleged injuries, he was incarcerated for long periods of time between transfers. For instance, Plaintiff was incarcerated at the Cape Girardeau County Jail from December 11, 2003 through August 13, 2004, a period of 246 days, awaiting trial on an unrelated criminal charge. (See Defendants' Exhibit B, affidavit of Jennifer Kolstee Kneppe, p. 3.) Plaintiff was then held at the federal penitentiary in Terre Haute from September 1, 2004 through December 6, 2006. *Id.* at p. 4.

Additionally, even if Plaintiff had been on lock-down at any of the facilities at which he was incarcerated, the information required to file his claim would have been available to him. An FTCA administrative claim requires four elements: (1) a written notification of an incident; (2) a claim for money damages in a sum certain; (3) the title or legal capacity of the person signing; and (4) evidence of that person's authority to represent the claimant. *Id.* at 528; 28 C.F.R. § 14.2(a) (2005). Plaintiff was aware of his alleged claim on the day it occurred, October 1, 2003, as he alleges that on that date he hurt his back and spine and was given inadequate medical care. (Plaintiff's complaint, p. 3.) A claim begins to accrue when the plaintiff is aware of his or her injury and its probable cause. *Ward v. Jesse Brown V.A*. Hospital, (No. 05 C 3633) 2005 U.S. Dist. LEXIS 32714 *22 (N.D. Ill., December 5, 2005) (Filip, J.); *citing United States v. Kubrick*, 444 U.S. 111, 122-23, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979) (holding that a claim accrues when a plaintiff knows both the existence and the cause of his injury); *see also Barnhart v. United States*, 884 F.2d 295, 298 (7th Cir. 1989) (discussing the

8

"discovery rule": "that a cause of action under the Federal Tort Claims Act begins to accrue when a plaintiff discovers or should have discovered the cause of his or her injury.").

Finally, the courts have consistently held that prison transfers do not constitute the kind of extraordinary circumstances that justify equitable tolling. *Montenegro v. United States of America*, 248 F.3d 585, 595 (7th Cir. 2001); *see also Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003). As Plaintiff filed his claim more than two years after becoming aware of his claim, there is no evidence that being on lock-down interfered with his knowledge of his claim, and the courts have explicitly rejected prison transfers justifying equitable tolling, this Court declines to apply it in the present case.

In response to Defendants' motion, Plaintiff also alleges that he sent two letters to prison officials, one on December 15, 2003, and another on August 2, 2004, requesting forms with which to file his administrative claim, and that his letters were ignored. Presumably, Plaintiff alleges he sent these letters to attempt to establish both due diligence and extraordinary circumstances justifying equitable tolling. Sending two letters eight months apart, however, does not establish due diligence. Additionally, the Seventh Circuit Court of Appeals has held that a prison official's failure to respond to correspondence does not constitute the kind of extraordinary circumstances that justify equitable tolling. *Montenegro*, at 594.

Plaintiff's final equitable tolling argument is that he was being medicated at a level that temporarily incapacitated him, preventing him from being aware that he was under a time limit to file his claim. (Plaintiff's Traverse to Defendants' Motion for Summary Judgment, p. 5, [#69].) However, mental illness equitably tolls a statute of limitations "only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *United States v. Moorehead,* 321 Fed. Appx. 512, 514 (7th Cir. 2009) (unpublished), *citing Miller v. Runyon*, 77 F.3d 177, 191 (7th Cir. 1996).

9

Plaintiff's allegation of incapacity is not supported by the summary judgment evidence. Attached to Plaintiff's traverse are two letters he alleged he sent to prison officials during the limitations period, neither of which indicate incapacitation. (Plaintiff's Traverse [#69], Exhibits ## 1 and 2.) Additionally, Defendants have provided evidence that during the relevant time period, Plaintiff was found competent to stand trial. (Defendants' 56.1 Statement ¶ 7, and Exhibit C.) Interestingly, attachments to Plaintiff's Traverse to Defendants' motion for summary judgment also indicate that Plaintiff was found competent following a forensic evaluation on November 13, 2003. (Plaintiff's Traverse, [#69], Exhibit #3.) Further, on April 24, 2004, Plaintiff entered into a plea agreement stating that he understood the allegations against him and the consequences of entering into a plea agreement with the government. (Defendants' 56.1 Statement ¶ 7, and Exhibit D.) Plaintiff also held employment almost continuously during the limitations period in his Bureau of Prison facilities in the education department, as an institutional orderly, and in a prison factory, indicating that he had the capacity to sustain employment. (Defendants' 56.1 Statement ¶ 8, and Exhibit E, ¶ 7.)

Defendants have provided an affidavit by Dr. Paul T. Harvey, the Clinical Director of the Metropolitan Correctional Center in Chicago, Illinois. (Defendants' 56.1 Statement ¶ 9, and Exhibit F.) Dr. Harvey reviewed Plaintiff's medical records and determined that none of the medications in the dosages prescribed to Plaintiff would have rendered him incompetent or incapacitated. *Id.*

Consequently, in the face of the evidence presented by Defendants in their motion, none of Plaintiff's arguments justify equitable tolling as they don't establish the requisite due diligence or extraordinary circumstances preventing Plaintiff from filing his claim in a timely fashion. Plaintiff's FTCA administrative claim was filed outside the statute of limitations provided for in 28 U.S.C. 2401(b) and is barred.

### III. Plaintiff's *Bivens* Claims.

In Plaintiff's complaint, he generally alleges violations of his First, Fifth, and Eight Amendment rights. (Plaintiff's complaint.) A complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief" that sufficiently provides the defendant with "fair notice" of the claim and the claim's basis. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, (2007). The allegations "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo v Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). Additionally, *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

An action brought pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) is analogous to an action brought pursuant to 42 U.S.C. § 1983 in that it recognizes a private right of action for damages against a federal agent acting under color of federal law for the agent's violations of federal constitutional rights. *See Carlson v. Green*, 446 U.S. 14, 18 (1980). In order to state a *Bivens* claim, Plaintiff must allege that individuals were personally involved in the alleged constitutional violation. Liability under the Civil Rights Act requires a defendant's personal involvement in any alleged constitutional violations. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003).

Again, the Civil Rights Act, 42 U.S.C. § 1983 is the federal counterpart to a *Bivens* action. *See, e.g., Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Plaintiff makes no claims against individuals. He makes generalized allegations of violations of his constitutional rights against the United States, the U.S. Marshals Service, and the Federal Bureau of Prisons. The bulk of his complaint is dedicated to his alleged claim under the FTCA. The United States is not a proper defendant under *Bivens*. "The point of *Bivens* was to establish an action against the employee to avoid the sovereign immunity that would block an action against the United States." *Sterling v. United States*, 85 F.3d 1225, 1228-29 (7th Cir. 1996); *see F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). Plaintiff did not name any prison or U.S. Marshal Service employees as Defendants, and the Court may not properly substitute individuals as Defendants. *Myles v. United States*, 416 F.3d 551-52 (7th Cir. 2005).

Additionally, any *Bivens* action that might have been available to Plaintiff is now time-barred as the statute of limitations for *Bivens* actions is two years. *Robinson v. Hinman*, 295 Fed. Appx. 59 (7th Cir. 2008). Although Plaintiff makes his generalized constitutional claims in his complaint, it may be that he abandoned them as he fails to defend them in his Traverse to Defendants' motion for summary judgment. Accordingly, as Plaintiff has failed to plead a *Bivens* action, and any claim would be, at this point, time-barred, Defendants are granted judgment on any *Bivens* claims Plaintiff may have attempted to raise in his complaint.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary for summary judgment is granted. The Clerk is directed to enter judgment in favor of the remaining Defendants pursuant to FED. R. CIV. P. 56. The case is terminated.

Dated: August 23, 2010

_____
James F. Holderman
United States District Court Judge